**Elsor MATTHEWS, Jr., Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 27A02–1003–PC–370.

Court of Appeals of Indiana.

Feb. 18, 2011.

Rehearing Denied April 21, 2011.

Joe Keith Lewis, Marion, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Elsor Matthews, Jr., appeals the denial of his petition for post-conviction relief. He asserts the attorney who represented him at trial and on appeal was ineffective because he did not assert the unconstitutionality of Matthews' conviction of Class B[1] or Class C[2] felony battery, rather than Class D felony criminal recklessness,[3] based on the Proportionality Clause in Article 1, Section 16 of the Indiana Constitution. We affirm.[4]

### FACTS AND PROCEDURAL HISTORY

In 2005, Matthews was convicted of Class B felony aggravated battery, Class D felony intimidation,[5] and Class A misdemeanor invasion of privacy.[6] He was given an aggregate sentence of fifty-four years, which was enhanced because he was found to be an habitual offender.[7]

He appealed, and we affirmed his convictions. *See Matthews v. State*, No.

---

1. Ind.Code § 35-42-2-1.5.

2. Ind.Code § 35-42-2-1(a)(3).

3. Ind.Code § 35-42-2-2(c)(2).

4. The State cross-appealed, claiming this appeal should be dismissed because Matthews did not timely file a notice of appeal pursuant to Ind. Appellate Rule 9(A)(5). The trial court's decision regarding Matthews' postconviction petition was entered on March 2, 2010, so Matthews had until April 1, 2010 to file his notice of appeal. The State asserts Matthews did not file his notice of appeal until April 7, 2010, citing the "Docket" as the source of this information. (Br. of Appellee at 6.) Our review of the docket, the notice of appeal, and the chronological case summary (CCS) from the trial court, indicates the notice of appeal was filed before April 1, 2010. The docket indicates it was filed March 31, and the file stamp on the notice of appeal and the entry in the CCS indicate it was filed on March 29, 2010. Thus, Matthews' appeal was timely, and we deny the State's request that we dismiss Matthews' appeal.

5. Ind.Code § 35-45-2-1(a)(1).

6. Ind.Code § 35-46-1-15.1(6).

7. Ind.Code § 35-50-2-8(a).

27A02–0508–CR–710, 842 N.E.2d 896 (Ind. Ct.App. January 19, 2006). Matthews filed a *pro se* petition for post-conviction relief in October 2006 and an amended petition, by counsel, in March 2007. Matthews filed a second amended petition, by counsel, in March 2009.

After a hearing, the post-conviction court found Matthews's trial and appellate counsel, C. Robert Rittman, was not ineffective. In its judgment, the post-conviction court explained:

> Trial in this case was conducted on February 22nd and 23rd of 2005. Matthews contends that Rittman was ineffective for failing to preserve the issue at trial, and raise the issue on appeal, that his conviction for Aggravated Battery as a Class B felony violated the Proportionality Clause found in Article 1 Section 16 of the Indiana Constitution, because that crime had identical elements to either Class C felony Battery or Class D felony Criminal Recklessness. He bases his decision on the Court of Appeals' decision in *Poling v. State,* 853 N.E.2d 1270 (Ind.Ct.App. 2006).
>
> *Poling* was decided on September 20, 2006. Transfer was denied in this case on March 9, 2006. Thus, this case had run the procedural gamut before *Poling* was decided. In *Poling,* the Court of Appeals noted that "Indiana caselaw dealing with the Proportionality Clause has primarily involved situations where the defendant argues that a less serious crime garners a more severe punishment than a more serious crime." *Id.* at 1276. The *Poling* Court went on to follow the Illinois Supreme Court's decision in *People v. Christy,* [139 Ill.2d 172, 151 Ill.Dec. 315] 564 N.E.2d 770 (Ill. 1990), applying our Proportionality Clause for the first time to a case where offenses with identical elements were

> given different sentences. *Poling, supra,* at 1276–1277. Rittman cannot be held to be ineffective for failing to anticipate this extension of Indiana's Proportionality Clause. *Donnegan [v. State],* *supra,* 889 N.E.2d [886] at 893 [ (Ind.Ct.App.2008), *trans. denied* ].
>
> Nothwithstanding the fact that *Poling's* change in law postdated the appeal in this case, the principles in *Poling* do not apply in this case. *Poling* stands for the proposition that the Proportionality Clause is violated where offenses with identical elements can be given different sentences. Here, our Court of Appeals has already determined that the Proportionality Clause is not violated because Aggravated Battery as a Class B felony and Battery as a Class C felony have similar elements. *Mann v. State,* 895 N.E.2d 119, 124 (Ind.Ct.App.2008). This is because those offenses do not have the same elements—the first requires the defendant to knowingly or intentionally inflict injury on another, while the second requires the defendant merely to knowingly or intentionally touch another in a rude, insolent or angry manner. The *Mann* Court held:

>> Because the legislature could rationally conclude that defendants who intend to inflict injury on another are more blameworthy than defendants who intend to touch another rudely (and, more to the point, do not intend to inflict injury), it follows that a more severe punishment for defendants who commit Class B felony aggravated battery does not violate the Proportionality Clause.

> *Id.* at 124.

> A similar analysis applies to Matthews' argument on Criminal Recklessness. The elements of Class A felony Aggravated Battery are that a defendant knowingly or intentionally inflicted

injury on a person that created a substantial risk of death or caused serious permanent disfigurement, protracted loss or impairment of function of a bodily member or organ, or loss of a fetus. *I.C. 35–42–2–1.5.* The elements of Class D felony Criminal Recklessness are that a defendant *recklessly,* knowingly, or intentionally inflicted serious bodily injury on another person or performed hazing that results in serious bodily injury to a person. *I.C. 35–42–2–2 (emphasis added).* Serious bodily injury is defined as injury that creates a substantial risk of death or that causes serious permanent disfigurement, *unconsciousness, extreme pain,* permanent or protracted loss or impairment of the function of a bodily member or organ or loss of a fetus. *I.C. 35–41–1–25 (emphasis added).* Thus, a person can be convicted of Criminal Recklessness upon proof of merely recklessly causing the injury required. The legislature could rationally conclude that defendants who intend to inflict injury on another are more blameworthy than defendants who cause such injury by reckless conduct. *Cf. I.C. 35–42–1–1 (Murder) with I.C. 35–42–1–5 (Reckless Homicide, a Class C felony).* It is also noteworthy that conduct causing unconsciousness or extreme pain could support a Criminal Recklessness conviction, but not one for Aggravated Battery. Thus, it follows that a more severe punishment for Aggravated Battery than Criminal Recklessness does not violate the Proportionality Clause. (App. at 170–172.) The post-conviction court concluded Matthews' counsel was not ineffective and denied his petition for post-conviction relief.

## DISCUSSION AND DECISION

■■■ The purpose of a petition for post-conviction relief is to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal. *Reed v. State,* 856 N.E.2d 1189, 1194 (Ind.2006). A post-conviction petition is not a substitute for an appeal, nor does it afford the petitioner a "super appeal." *Id.*

■■■ The post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post–Conviction Rule 1(6). A post-conviction court's findings and judgment will be reversed only on a showing of clear error. *Fisher v. State,* 810 N.E.2d 674, 679 (Ind. 2004). The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.* However, we accord no deference to the post-conviction court's conclusions of law. *Id.*

■■■ Convictions should be reversed for ineffective assistance of counsel when a defendant shows counsel's performance fell below an objective standard of reasonableness and the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Pennycuff v. State,* 745 N.E.2d 804, 811 (Ind.2001) (citing *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We presume counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Id.* If deficient performance of counsel can be proven, the defendant must further show a reasonable probability that it altered the outcome of the case. *Id.*

■■■ Claims of ineffective assistance of appellate counsel are reviewed using the same standard. *Taylor v. State,* 717 N.E.2d 90, 94 (Ind.1999). These claims generally fall into three categories: (1) denying access to appeal; (2) waiver of issues; and (3) failure to present issues well. *Bieghler v. State,* 690 N.E.2d 188,

193–195 (Ind.1997). Relief is appropriate only when we are confident we would have ruled differently. *Id.* at 196.

 Matthews contends counsel was ineffective because he did not sufficiently present at trial or on appeal the argument that the Proportionality Clause of the Indiana Constitution prohibited sentencing Matthews for Class B felony aggravated battery when Class C felony battery resulting in serious bodily injury and Class D felony criminal recklessness contain similar elements. As the briefs submitted in support of Matthews' direct appeal are not part of the record in this case, we turn to the second prong of the *Strickland* test, where we find Matthews was not prejudiced by any alleged error.[8]

As the post-conviction court noted, we have already rejected Matthews' argument regarding the Proportionality Clause as applied to Class B felony aggravated battery and Class C felony battery resulting in serious bodily injury, because the mental state required for each crime is different. *See Mann*, 895 N.E.2d at 124 (holding those crimes were distinct because the Class B felony required a defendant knowingly or intentionally inflict injury, while the Class C felony required a defendant knowingly or intentionally touch, without knowing or intending injury would occur). *Mann* also controls Matthews' extension of the same argument to Class D felony criminal recklessness, as the mental state required for Class D felony criminal recklessness is different from the mental state required for the other two crimes. *Compare* Ind.Code § 35–42–2–1.5 and § 35–42–2–1(a)(3) (mental state required for Class B and Class C felony battery is "knowingly or intentionally") *with* Ind.Code § 35–42–2–2(c)(2) (mental state required for Class D felony criminal recklessness is "recklessly, knowingly, or intentionally").[9] Because the three crimes do not have identical elements, the proportionality clause of our Constitution is not offended if our legislature assigns different sentences to them. *See, e.g., Mann*, 895 N.E.2d at 124 (differences in requisite *mens rea* could rationally lead legislature to assign different sentences to crimes).

Matthews has not demonstrated the post-conviction court erred by determining Matthews was not prejudiced by any alleged error made by his trial or appellate counsel, and we therefore affirm.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.

---

**8.** We need not address whether counsel's performance was deficient if we can resolve a claim of ineffective assistance based on lack of prejudice. *Wentz v. State*, 766 N.E.2d 351, 360 (Ind.2002). Nevertheless, the performance of Matthews' appellate counsel could not be declared deficient based on his alleged failure to advance an argument that was not supported by precedent at the time of Matthews' appeal. *See McCurry v. State*, 718 N.E.2d 1201, 1206 (Ind.Ct.App.1999) (only the precedent available to appellate counsel at the time of the direct appeal is relevant to our determination whether counsel was ineffective; a decision handed down after appellant's brief was filed is not relevant to the analysis of counsel's performance).

**9.** Additionally, Class D felony criminal recklessness requires that the crime be "committed while armed with a deadly weapon" or that the defendant "committed aggressive driving (as defined in IC 9–21–8–55) that results in serious bodily injury to another person." Ind.Code § 35–42–2–2(c)(2). Because the post-conviction court's finding was based on the *mens rea* required, we need not address these additional elements.