

**FILED**

May 31 2018, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

J. Michael Sauer
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

## I N   T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 31, 2018<br><br>Court of Appeals Case No.<br>79A05-1711-PC-2505<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Steven P. Meyer,<br>Judge<br><br>Trial Court Cause No.<br>79D02-1407-PC-5 |

**May, Judge.**

[1]     Matthew Johnson appeals the denial of his petition for post-conviction relief. He argues the post-conviction court erred when it rejected his allegation that his appellate counsel was ineffective for failing to argue the application of the

Proportionality Clause to Johnson's conviction of Class B felony aggravated battery. We affirm.

# Facts and Procedural History

[2] On July 20, 2011, the trial court found Johnson guilty of Class B felony aggravated battery,[1] Class C felony battery,[2] Class B felony possession of methamphetamine,[3] Class C felony possession of methamphetamine,[4] and Class C felony possession of chemical reagents or precursors with intent to manufacture controlled substances.[5] The trial court also found Johnson was a habitual substance offender.[6] On September 30, 2011, the trial court sentenced Johnson to fifteen years for Class B felony aggravated battery to be served consecutive to fifteen years for Class B felony possession of methamphetamine, which was enhanced by five years by virtue of Johnson's habitual substance offender adjudication, for an aggregate sentence of thirty-five years incarcerated.[7]

---

[1] Ind. Code § 35-42-2-1.5 (1997).

[2] Ind. Code § 35-42-2-1(a)(3) (2009).

[3] Ind. Code § 35-48-4-6.1 (b)(2) (2006).

[4] Ind. Code § 35-48-4-6.1(b)(1) (2006).

[5] Ind. Code § 35-48-4-14.5(e) (2006).

[6] Ind. Code § 35-50-2-10(b) (2006).

[7] The trial court did not enter sentences for the Class C felonies due to double jeopardy concerns.

On appeal, Johnson's appellate counsel raised four issues:

> (1) whether the court abused its discretion by denying his motion to sever the drug-related charges; (2) whether the court abused its discretion by refusing to add language to the self-defense instruction; (3) whether the court abused its discretion by refusing to instruct the jury regarding defenses to the drug charges; and (4) whether the sentence was inappropriate.

(App. Vol. II at 127.) We affirmed Johnson's convictions and sentence. *Johnson v. State*, Cause No. 79A02-1110-CR-991 (Ind. Ct. App. Sept. 21, 2012).

On July 16, 2014, Johnson filed a *pro se* petition for post-conviction relief. On December 15, 2016, Johnson, with the aid of counsel, filed an amended petition for post-conviction relief. Johnson argued his appellate counsel was ineffective for failing to argue on appeal that Johnson's conviction of Class B felony aggravated battery violated the Proportionality Clause. The post-conviction court held an evidentiary hearing on the petition on August 2, 2017. On October 27, 2017, the post-conviction court denied Johnson's petition.

# Discussion and Decision

A post-conviction petition is not a substitute for an appeal, nor does it afford a petitioner a "super appeal." *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002), *reh'g denied, cert. denied*, 537 U.S. 1122 (2003). As post-conviction proceedings are civil in nature, the petitioner must

prove his grounds for relief by a preponderance of the evidence. *Id*. A party appealing a post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id*. Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation and citation omitted), *reh'g denied, cert. denied*, 534 U.S. 830 (2001).

[6] We review claims of ineffective assistance of appellate counsel using the same standard applicable to claims of trial counsel ineffectiveness. *Fisher v. State*, 810 N.E.2d 674, 676-7 (Ind. 2004). The defendant must show that appellate counsel was deficient in his performance and that the deficiency resulted in prejudice. *Id*. at 677. A claim of ineffective appellate assistance generally falls into one of three categories: (1) denial of access to an appeal; (2) waiver of issues; or (3) failure to present issues well. *Id*. We employ a two-part test to evaluate "waiver of issue" claims: (1) whether the unraised issues are significant and obvious from the face of the record, and (2) whether the unraised issues are "clearly stronger" than the raised issues. *Id*.

[7] Because counsel has considerable discretion in choosing strategy and tactics, we presume counsel's assistance was adequate and all significant decisions were

made in the exercise of reasonable professional judgment. *State v. Miller*, 771 N.E.2d 1284, 1288 (Ind. Ct. App. 2002), *reh'g denied, trans. denied*. One of the most important strategic decisions is deciding what issues to raise on appeal. *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1998), *reh'g denied, cert. denied*, 525 U.S. 1021 (1998). Appellate counsel is not ineffective for declining to present a claim that had no merit. *Stowers v. State*, 657 N.E.2d 194, 200 (Ind. Ct. App. 1995), *trans. denied*. We consider the reasonableness of appellate counsel's strategic decisions based upon precedent available at the time of the direct appeal. *Williamson v. State*, 798 N.E.2d 450, 454 (Ind. Ct. App. 2003), *reh'g denied, trans. denied*.

[8]     In his post-conviction relief petition, Johnson argued his appellate counsel was ineffective because appellate counsel did not present on direct appeal the argument that the Proportionality Clause of the Indiana Constitution prohibited sentencing Johnson for Class B felony aggravated battery because Class B felony aggravated battery and Class D felony criminal recklessness[8] encompassed the same elements. The Proportionality Clause of the Indiana Constitution states: "All penalties shall be proportioned to the nature of the offense." Ind. Const. Article 1, Section 16. A sentence violates the Proportionality Clause when "offenses with identical elements [are] given

---

[8] Ind. Code § 35-42-2-2(d) (2006).

different sentences." *Poling v. State*, 853 N.E.2d 1270, 1276-7 (Ind. Ct. App. 2006), *reh'g denied*.

[9] Before the post-conviction court, Johnson argued his appellate counsel should have presented a Proportionality Clause argument based on Johnson's perception that there existed a "split of authority in the Court of Appeals on the Proportionality Clause[.]" (Br. of Appellant at 11.) Johnson contended a split was created our court's holdings in *Poling*[9] and *Matthews v. State*, 944 N.E.2d 29 (Ind. Ct. App. 2011), *reh'g denied*, and this alleged split made the Proportionality Clause argument stronger than the arguments appellate counsel presented on appeal.

[10] During the post-conviction evidentiary hearing, appellate counsel argued he did not present a Proportionality Clause argument as part of Johnson's direct appeal based on our holding in *Matthews*, which stated, in relevant part, that a conviction of Class B felony aggravated battery does not violate the Proportionality Clause because Class B felony aggravated battery and Class D criminal recklessness do not have the same elements. 944 N.E.2d at 33. The post-conviction court found:

> The *Matthews* decision was issued 14 months before appellate counsel filed his brief. *Matthews* was grounded in the 2008 *Mann*

---

[9] *Poling* held the elements of Class C felony child neglect and Class D felony child neglect were identical and, thus, Poling's conviction and sentence for Class C felony child neglect violated the Proportionality Clause. *Poling*, 853 N.E.2d at 1277. By contrast, the elements of Class B felony aggravated battery and Class D felony criminal recklessness are not identical, as held in *Matthews*. *Matthews*, 944 N.E.2d at 33.

decision. These cases were existing precedent and failed to follow the *Poling* decision upon which Johnson relies. The *Matthews* case is directly on point in this case and was existing case law at the time of Johnson's appeal. Thus, Johnson cannot demonstrate that the issue his appellate counsel failed to raise would have been clearly more likely to result in reversal or order for new sentencing.

(App. Vol. II at 133-4.)

[11] In *Matthews*, our court affirmed the post-conviction court's denial of post-conviction relief based on an argument similar to that raised here by Johnson. Matthews asserted his counsel, who represented him at the trial and appellate levels, was ineffective because he did not argue the Proportionality Clause as related to Matthews' conviction and sentence for Class B felony aggravated battery and Class C felony battery. *Matthews*, 944 N.E.2d at 33. Like Johnson, Matthews argued the elements for Class B felony aggravated battery were identical to the elements for Class D felony criminal recklessness, and thus his counsel was ineffective for failing to argue the Proportionality Clause because his conviction of and sentence for Class B felony aggravated battery violated the clause. Our court concluded

> the mental state required for Class D felony criminal recklessness is different from the mental state required for the other two crimes [Class B felony aggravated battery and Class C felony battery]. . . . Because the three crimes do not have identical elements, the proportionality clause of our Constitution is not offended if our legislature assigns different sentences to them.

*Id.* Therefore, we held Matthews had not demonstrated he was prejudiced by any alleged error his counsel made in not arguing the Proportionality Clause.

[12] The same is true here. When appellate counsel filed Johnson's direct appeal, *Matthews* had recently been handed down and was directly on point, as its holding addressed the same issue Johnson now argues should have been presented: whether the elements of Class B felony aggravated battery and Class D felony criminal recklessness were identical, making their disparate sentences violate the Proportionality Clause. As appellate counsel relied upon the precedent available and directly on point at the time of the direct appeal, Johnson has not demonstrated appellate counsel was ineffective for failing to argue for the application of the Proportionality Clause. *See Bieghler*, 690 N.E.2d at 194 (courts "should not find deficient performance when counsel's choice of some issues over others was reasonable in light of the facts of the case and the precedent available to counsel when that choice was made"). Therefore, the trial court did not err when it denied Johnson's petition for post-conviction relief. *See Ben-Yisrayl,* 729 N.E.2d at 106 (appellate court will reverse post-conviction court's decision only upon demonstration of clear error).

# Conclusion

[13] Johnson has not demonstrated his appellate counsel was ineffective for failing to present a Proportionality Clause argument because the precedent existing at the time undermined the validity of Johnson's proposed argument. Accordingly, we affirm.

[14]    Affirmed.

Riley, J., and Mathias, J., concur.