CICHOS v. STATE OF INDIANA

[No. 29,954.   Filed July 2, 1962.]

*Warren Buchanan,* of Rockville, *John P. Price, Cleon H. Foust,* and *Hollowell, Hamill & Price,* of counsel, all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Richard C. Johnson, Patrick D. Sullivan,* and *William D. Ruckelshaus,* Deputy Attorneys General, for appellee.

JACKSON, J.—Appellant was charged by a second amended affidavit in two (2) counts with (a) violation of Acts 1939, ch. 48, §52, p. 289, being §47-2001a, Burns' 1952 Replacement, defining the offense of Reckless Homicide and (b) with violation of Acts 1941, ch. 148, §2, p. 447, being §10-3405, Burns' 1956 Replacement, defining the offense of involuntary manslaughter. Trial was had by jury resulting in the verdict finding the defendant guilty of the offense of reckless homicide as charged in count one of the affidavit. Thereafter, on February 16, 1960, the court sentenced the appellant to a term of not less than one (1) year nor more than five (5) years in the Indiana Reformatory and fined him in the sum of $500 plus costs of the trial.

The record in this cause is so voluminous that it is almost impossible to summarize without unduly extending this opinion. Appellant's original brief consisting of over 450 pages, appellee's brief consisting of 55 pages and the transcript consisting of 1203 pages.

It will suffice to say that the sufficiency of the charges were challenged by motions to quash the affidavits, appellant also filed among others, motions

to produce and suppress evidence, a motion for mistrial, a motion in arrest of judgment, a motion for a Venire De Novo and motion for a new trial containing five causes, 107 specifications and six accompanying affidavits.

Appellant's assignment of error is the single ground that "[t]he Court erred in overruling the appellant's motion for a new trial."

Basically the contensions here to be determined may be narrowed to the alleged error in permitting into evidence the results of certain blood tests allegedly made from samples taken from the appellant and from alleged error in refusing to give certain instructions, hereinafter discussed, tendered by the appellant.

The factual situation preceding the events culminating in the institution of the prosecution, from which stems this appeal, may be briefly summarized as follows:

On September 28, 1958, appellant was involved in an automobile collision on U. S. Highway No. 36 about one mile west of Bellmore in Parke County, Indiana. Such collision resulting in the deaths of Mr. and Mrs. Frank Barber and the injury of appellant, he suffering a bilateral fracture of the lower jaw, laceration of the scalp, cerebral concussion rendering him unconscious and a fracture of the right forearm. The collision occurred at approximately 9:30 o'clock a. m.

Prior to the collision appellant had stopped at Sparks' restaurant in Hollandsburg. While there, he and several other persons, including one William Lowe, drank coffee. After drinking coffee and spending fifteen or twenty minutes in the restaurant while in the process, appellant and Lowe left the

restaurant, appellant getting into his car and driving off in the direction of Bellmore.

Within minutes after leaving the restaurant appellant was involved in the head-on collision resulting in the deaths and injuries heretofore mentioned.

The instructions tendered by the appellant and refused by the court numbered 16, 21, 24, 25, 26, 42, 49 and 63, in pertinent part, read as follows:

### "Instruction No. 16

"Proof that the accident which resulted in the deaths of Frank Glen Barber and Shella Mae Barber arose out of the inadvertence, lack of attention, forgetfulness or thoughtlessness of the defendant, Ronald Richard Cichos, as the driver of the other automobile involved in the accident, or from an error of judgment on the part of the said Ronald Richard Cichos, will not support a charge of reckless homicide or of involuntary manslaughter, and in that event you must find the defendant not guilty of the charges of reckless homicide and involuntary manslaughter."

### "Instruction No. 21

"Members of the jury, I instruct you, that if Ronald Richard Cichos was merely negligent in operating his automobile, then he is not criminally liable, and your verdict must be not guilty."

### "Instruction No. 24

"I instruct you that if Ronald Richard Cichos due to error of judgment caused the collision, then he cannot be guilty of reckless homicide or involuntary manslaughter, and your verdict must be not guilty."

### "Instruction No. 25

"I instruct you if Ronald Richard Cichos due to forgetfulness or thoughtlessness, caused the collision, then he cannot be guilty of reckless homicide or involuntary manslaughter, and your verdict must be not guilty."

"Instruction No. 26

"Members of the jury, I instruct you, that one must intend to do, or omit to do the act resulting in injury to another in order to be guilty of reckless homicide or involuntary manslaughter. Now if you believe that the defendant, Ronald Richard Cichos, did not intentionally commit the act and he was only negligent, then your verdict must be not guilty."

"Instruction No. 42

"Members of the jury, I instruct you that if the defendant was merely inadvertent in his driving then he cannot be found guilty of driving with reckless disregard for the safety of others."

"Instruction No. 49

"Members of the jury, I instruct you, if the defendant, Ronald Richard Cichos, through inadvertence, or lack of attention or thoughtless negligence, failed to see the other car involved in this accident this would not be sufficient to support a conviction under the statute and you must find him not guilty."

"Instruction No. 63

"Members of the jury, I instruct you, negligent conduct without more will not support a finding of guilty for reckless homicide and involuntary manslaughter arising out of an automobile accident."

Appellant contends that he was entitled to have the jury instructed that mere negligence in the operation of a motor vehicle (although civil liability may arise) does not create a criminal liability.

The substance of these instructions was not covered by any instructions given by the court.

It has been well established in Indiana that mere negligent operation of a motor vehicle does not render one so operating it criminally liable, should a death ensue. *Danville* v. *State* (1919), 188 Ind. 373 123 N. E. 689; *Kimmel* v. *State*

(1926), 198 Ind. 444, 154 N. E. 16; *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919.

Whether the evidence in this case establishes that the deaths alleged in the indictment occurred from a mere accident, from negligent conduct or from ■ willful and/or wanton misconduct so as to amount to recklessness, is dependent on the weight given the various aspects of the case and the evidence by the jury. The very purpose of the jury is to determine, after deliberation and pursuant to the court's instructions, the legal category into which the jury feels the defendant's conduct falls. The apellant's theory of the evidence and the law establishing such theory was never given to the jury in any instructions.

It is therefore our decision that the failure to give appellant's tendered instructions above numbered and set forth, constituted such error as requires a reversal of this cause.

Other error assigned need not be, and is not here decided.

Judgment reversed and cause remanded with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Arterburn, C. J., Bobbitt and Landis, JJ., concur.

Achor, J., concurs in result.

NOTE.—Reported in 184 N. E. 2d 1.