**Kermit FOUGHT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–184A30.**

Court of Appeals of Indiana, Third District.

Sept. 13, 1984.

---

Michael M. Yoder, Emerick & Diggins, Topeka, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Kermit Fought was tried by a jury and convicted of involuntary manslaughter, a Class D felony. He appeals from the judgment of conviction.

Between 4:00 P.M. and midnight on March 24, 1983, appellant consumed between eight and twelve, twelve ounce servings of beer. He proceeded to operate his pickup truck on State Road 5, near Topeka, Indiana, when he struck and killed a bicyclist. Without stopping, appellant proceeded home and later phoned the police. At 2:45 A.M., police administered a breathalizer and found appellant's blood alcohol content to be .12%. Appellant was later charged by indictment with involuntary manslaughter.

Fought initially contends that this conviction is contrary to law because the crime of operating a motor vehicle while intoxicated does not pose a risk of serious bodily injury sufficient to establish the crime of involuntary manslaughter.

IND.CODE § 35–42–1–4 provides in relevant part that:

"A person who kills another human being while committing or attempting to commit:

\*      \*      \*      \*      \*      \*

(2) a Class A misdemeanor that inherently poses a risk of serious bodily injury; or

\*      \*      \*      \*      \*      \*

commits involuntary manslaughter, a Class C felony. However, if the killing

results from the operation of a vehicle, the offense is a Class D felony."

In this case, the underlying misdemeanor charged to support involuntary manslaughter was driving while under the influence of intoxicating liquor, IND.CODE § 9–4–1–54. This statute provides in part that:

"(a) As used in this section, 'intoxicated' means under the influence of:

(1) alcohol;

\*    \*    \*    \*    \*    \*

*such that there is an impaired condition of thought and action and the loss of normal control of one's faculties to such an extent as to endanger any person.*

(b) A person who operates a vehicle while intoxicated commits a Class A misdemeanor...." (Emphasis added.)

By definition, operating a vehicle while intoxicated is a Class A misdemeanor which imposes a risk of serious bodily injury. "[T]he statute evinces a legislative recognition that regardless of the driver's design, the offense of operating a vehicle while intoxicated has inherent potential for injury and death." *Pollard v. State,* (1982) Ind. App., 439 N.E.2d 177, at 187. Driving while intoxicated is clearly an offense which may support the charge of involuntary manslaughter.

Fought next maintains that the evidence presented at trial is insufficient to support his conviction because no evidence was presented as to the cause of the victim's death. Specifically, Fought urges that the absence of expert testimony left the jury to speculate, as to the real cause of death, when in fact death may have resulted from some pre-existing condition or intervening cause.

The record indicates that shortly after midnight on March 25, 1983, Fought was driving his pickup truck southbound on State Road 5 at approximately 55 miles per hour when he struck the bicycle of Wilbur Helmuth. Helmuth was thrown 170 feet from the point of impact and landed in a pile of snow. Shortly thereafter, Helmuth's body was discovered by Randy Per-

kins, who testified that "the victim had landed in the snow and had not moved at all." The coroner determined the time of Helmuth's death as 12:15 A.M., which would have been immediately following the collision.

In reviewing the sufficiency of the evidence, this Court will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. It is improper for a court on appeal to reweigh conflicting evidence or to judge the credibility of witnesses. *Loyd v. State,* (1980) 272 Ind. 404, 398 N.E.2d 1260. In *Ray v. State,* (1954) 233 Ind. 495, 120 N.E.2d 176, defendant argued that the absence of testimony from the attending physician left the jury to speculate as to the direct and proximate cause of death. The Supreme Court of Indiana held that the jury could have logically inferred from circumstantial evidence similar to that now before this Court that defendant's conduct proximately caused the victim's death. The evidence presented in this case was likewise sufficient to prove that Fought's conduct directly caused Helmuth's death.

Fought argues that the evidence was insufficient to prove that the collision causing Helmuth's death was a direct result of his intoxication. He claims that the evidence most favorable to the State establishes nothing more than negligence on his part.

In order to commit involuntary manslaughter, the following elements must be present:

1. killing another human being;

2. while committing or attempting;

3. one of the enumerated felonies or misdemeanors.

Furthermore, it must affirmatively appear that the underlying felony or misdemeanor was the proximate cause of the victim's death. *Howell v. State,* (1928) 200 Ind. 345, 163 N.E. 492; *Kimmel v. State,* (1926) 198 Ind. 444, 154 N.E. 16.

The evidence most favorable to the State indicates that Helmuth's bicycle was well lighted and would have been visible at

a minimum of 435 feet. At the point of impact, the bicycle was within one foot of the berm, and Fought's truck "would have been very close to going off the roadway." Fought took no measures to evade the accident and failed to register Helmuth's presence until after impact. At that point he realized what had happened but neglected to stop. These facts and the reasonable inferences to be drawn therefrom clearly establish sufficient evidence to prove that Fought's intoxicated condition was the proximate cause of the accident.

Fought next contends that the trial court erred in refusing his Supplemental Final Instruction No. 14, which reads as follows:

> "In order to convict the Defendant, you must find that the Defendant by reason of the use of alcohol had lost normal control of his facilities and the death was caused by or as a consequence of operation of a vehicle by Defendant with loss of normal control of his faculties."

The record indicates that Fought tendered nine proposed final instructions prior to trial. He later filed seven supplemental instructions without requesting leave to tender more than ten instructions as required under Ind.Rules of Procedure, Criminal Rule 8(A).

■ Under Indiana's rules for criminal procedure, a defendant is only permitted to tender ten instructions unless the trial court *permits* a greater number in a particular case. C.R. 8(A). No error may be predicated upon the refusal to give instructions in excess of the number allowed by this rule. *Kelsie v. State*, (1976) 265 Ind. 363, 354 N.E.2d 219, *cert. denied*, 429 U.S. 1094, 97 S.Ct. 1108, 51 L.Ed.2d 541. The record does not show an entry fixing a greater number of instructions to be tendered. Therefore, Fought cannot claim that the court erred in refusing his tendered Supplemental Final Instruction No. 14.

In addition to this fact, it appears that Fought's instruction was sufficiently covered by the court's Final Instructions Nos. 11 and 12, which informed jurors that they could not return a verdict of guilty if they found that the victim's death resulted from Fought's inadvertance, negligence, lack of attention, or failure to observe. The trial court properly refused this instruction.

■ Fought next contends that the court erred in giving its Final Instruction No. 11, which provides as follows:

> "I instruct you that if you find that the collision which resulted in the death of Wilbur Helmuth was the sole result of inadvertence, thoughtless negligence, lack of attention, or failure to observe the bicycle by Kermit Fought, then you must find the Defendant not guilty for the reason that proof of negligence is not sufficient to support a conviction for involuntary manslaughter."

The Supreme Court of Indiana expressly approved a nearly identical instruction in the case of *Cichos v. State*, (1962) 243 Ind. 187, 184 N.E.2d 1.

■ Furthermore, Fought failed to enter a timely objection and has therefore waived any alleged error in this regard. *Bonds v. State*, (1982) Ind., 436 N.E.2d 295.

Finally, Fought contends that the trial court erred in giving Final Instruction No. 22, but admits that he failed to enter a timely objection. This issue is waived. *Bonds, supra.*

The judgment of conviction is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.