**Benny Ray SIPP, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 45A03–8704–CR–105.**

Court of Appeals of Indiana, Third District.

Oct. 27, 1987.

Robert D. Rucker, W. Henry Walker & Associates, P.C., East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Benny Ray Sipp appeals his conviction for reckless homicide,[1] a class C felony. Following a trial by jury, the trial judge entered judgment on the jury's verdict of guilty. Sipp raises two issues on this appeal:

1. Whether the verdict of the jury was supported by sufficient evidence;

2. Whether the trial court erred in failing to give Sipp's tendered jury instructions.

We need not discuss the sufficiency of the evidence issue because we reverse on the instruction issue.

Reversed.

The undisputed evidence shows that Sipp, traveling in excess of fifty miles per hour, side-swiped two cars stopped at a traffic light before slamming into the decedent's car, also stopped at the traffic light. Sipp, who suffers epileptic seizures, testified before the Grand Jury that he did not remember anything about the accident and believes he was suffering from a seizure,

---

1. IC 35–42–1–5.

causing him to lose consciousness, at the time of the accident.

■ The instructions tendered by Sipp and refused by the court numbered 1, 2, 3, 4, and 5 read as follows:

DEFENDANT'S INSTRUCTION NO. 1

Proof that the accident which resulted in the death of Bevery [sic] K. White arose out of the inadvertence, lack of attention, forgetfulness or thoughtlessness of the defendant, Benny R. Sipp, as the driver of the other automobile involved in the accident, or from an error of judgment on the part of the said Benny R. Sipp, will not support a charge of reckless homicide, and in that event you must find the defendant not guilty of the charges of reckless homicide.

DEFENDANT'S INSTRUCTION NO. 2

Members of the jury, I instruct you, that if Benny R. Sipp were merely negligent in operating his automobile, then he is not criminally liable, and your verdict must be not guilty.

DEFENDANT'S INSTRUCTION NO. 3

I instruct you that if Benny R. Sipp due to error of judgment caused the collision, then he cannot be guilty of reckless homicide, and your verdict must be not guilty.

DEFENDANT'S INSTRUCTION NO. 4

I instruct you if Benny R. Sipp due to forgetfulness or thoughtlessness, caused the collision, then he cannot be guilty of reckless homocide [sic], and your verdict must be not guilty.

DEFENDANT'S INSTRUCTION NO. 5

Members of the jury, I instruct you, that one must intend to do, or omit to do the act resulting in injury to another in order to be guilty of reckless homicide. Now if you believe that the defendant, Benny R. Sipp, did not intentionally commit the act and he was only negligent, then your verdict must be not guilty.

The test of whether a tendered instruction is proper is whether there is evidence to support the giving of the instruction, whether the substance of the tendered instruction is covered by other instructions and whether the instruction properly states the law. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96, *reh. denied, cert. denied,* (1986), 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349.

Sipp cites *Cichos v. State* (1962), 243 Ind. 187, 184 N.E.2d 1, as support for his contention the trial court erred in refusing his tendered instructions. In *Cichos,* the Supreme Court held that reversible error occurred where the trial court refused tendered instructions almost identical to the tendered instructions at issue here. The State concedes that Sipp's instructions are a correct statement of the law, but argues that there is no evidence to support instructions numbered, 1, 3, 4 and 5. We fail to see the logic of this argument. As the court said in *Cichos:*

Whether the evidence in this case establishes that the deaths alleged in the indictment occurred from a mere accident, from negligent conduct or from willful and/or wanton misconduct so as to amount to recklessness, is dependent on the weight given the various aspects of the case and the evidence by the jury. The very purpose of the jury is to determine, after deliberation and pursuant to the court's instructions, the legal category into which the jury feels the defendant's conduct falls.

*Supra* 184 N.E.2d at 3.

■ As to instruction numbered 2, the State asks us to treat the word "negligent" as a "term of art" requiring an instruction defining "negligent." *See Smith v. State* (1981), Ind., 422 N.E.2d 1179, 1184 (words "recklessly, knowingly or intentionally" are terms of art under the Indiana penal code and require further instructions on the definitions of those words). We decline to do this. If the trial court had accepted the tendered instruction, whether an additional instruction defining "negligent" was necessary would have been within the trial court's discretion. Sipp did not need to tender a further instruction. *Erickson v. State* (1982), Ind., 439 N.E.2d 579, 580.

The only question remaining is whether the instructions given by the trial court covered the substance of the refused instructions. The State does not attempt to

argue this point. The relevant instructions given by the trial court are as follows:

FINAL INSTRUCTION 5

A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of the harm that might result, and the disregard involves a substantial deviation from acceptable standards of conduct.

\*    \*    \*    \*    \*    \*

FINAL INSTRUCTION 7

The laws of this state provide in general that prohibited conduct may be excused when it is the result of an accident.

To come under the defense of accident, the conduct must have been unintentional, or without unlawful intent or evil design on the part of the accused; the act resulting in injury must not have been an unlawful act; and, the act must not have been done recklessly, carelessly or in wanton disregard of the consequences.

Although the defendant has raised the defense of accident, the burden of proof remains with the State to prove the defendant guilty beyond a reasonable doubt.

Instruction numbered 7 does cover Sipp's tendered instruction numbered 5. However, Sipp correctly states in his brief that "one would have to stretch the imagination" to conclude that the trial court's instructions covered the substance of the tendered instructions numbered 1, 2, 3 and 4. (Appellant's Brief p. 18).

Sipp's theory of the evidence and the law establishing such theory was never given to the jury in any instructions. *Cichos, supra* 184 N.E.2d at 3.

The judgment is reversed and this cause remanded for a new trial.

NEAL, J., concurs.

GARRARD, P.J., concurs with opinion.

GARRARD, Presiding Judge.

I agree with the majority that our decision today is controlled by *Cichos v. State* (1962), 243 Ind. 187, 184 N.E.2d 1. Thus, the court's refusal to give instructions as to what does not constitute recklessness is not rendered harmless because of the instruction given as to what would constitute recklessness. Indeed, I have no quarrel with holding that in cases where the understanding of a particular term is crucial, the court may not refuse a correctly drawn instruction that serves to amplify the definition by insuring that the jury understand the difference between the crucial conduct and some closely similar conduct. The purpose of instructions is to fairly advise the jury on the law applicable to the case.

My point of departure arises from the failure of the court, both here and in *Cichos,* to distinguish between correctly worded instructions and those that attempt to present a valid point, but do so incorrectly or in confusing or misleading terms. The latter are properly rejected by the trial court. *F.W. Woolworth Co., Inc. v. Anderson* (1984), Ind.App., 471 N.E.2d 1249.

I would sustain the court's refusal to give Nos. 1, 3 and 5 because they are confusing. I agree, however, that Nos. 2 and 4, or at least one of them, should have been given.