**Benny Ray SIPP, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 45A03–8704–CR–105.**

Court of Appeals of Indiana, Third District.

Jan. 27, 1988.

Robert D. Rucker, W. Henry Walker & Associates, P.C., East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION ON PETITION FOR REHEARING

STATON, Judge.

Benny Ray Sipp was convicted of reckless homicide. On appeal he argued the trial judge erroneously failed to give his tendered instructions on conduct that does not amount to recklessness, but is merely negligent. We reversed. 514 N.E.2d 330 (1987). The State now petitions for rehearing on two grounds.

■ First, the State argues our opinion "effectively eliminates the requirement that there be evidence in the record to support the giving of a defendant's tendered instruction." The State argues that Sipp did not present any evidence to support his tendered instructions on negligence. We remind the State it was the State's burden to prove Sipp was guilty of reckless homicide. Whether the evidence submitted by the State fell into the category of negligence or recklessness was for the jury to decide. *Cichos v. State* (1962), 243 Ind. 187, 184 N.E.2d 1, 3.

■ Second, the State argues our opinion contravenes Indiana Supreme Court opinions because we stated Sipp need not have tendered an instruction defining the term "negligence." The State argues "[b]ecause 'negligence' is a term of art, its legal significance is not necessarily synomous [sic] with the definition used by the public. Because the term 'negligence' is a word 'of a technical or legal meaning not

normally understood by the jurors [when] used in an instruction,' *Erickson v. State* [ (1982), Ind., 439 N.E.2d 579,] 580, the trial court did not err in refusing tendered instruction two because it was unaccompanied by a further definitional instruction." (Memorandum in Support of Appellee's Petition for Rehearing, p. 3). We suggest the State reread *Erickson.* We could not find in that opinion where the Court held that negligence is a term of art requiring a further instruction.

The State's petition for rehearing is denied.

GARRARD, P.J., and NEAL, J., concur.