**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 15 2013, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAHOGANEE K.  EDMOND, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1206-CR-281 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1107-FB-65

**March 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Mahoganee K. Edmond appeals her convictions of aggravated battery, a Class B felony; battery with a deadly weapon, a Class C felony; and criminal recklessness, a Class A misdemeanor. Edmond raises the following restated issues: 1) whether the trial court abused its discretion in refusing to give Edmond's proposed jury instruction expounding on the definition of negligence; 2) whether there was sufficient evidence to sustain the aggravated battery conviction; and 3) whether the trial court abused its discretion in denying Edmond's motion to correct error. Concluding that the trial court did not abuse its discretion and that there was sufficient evidence, we affirm.

## Facts and Procedural History

On July 12, 2011, a splash party for young people between the ages of sixteen and twenty-one was taking place inside an aquatorium at a park in Gary, Indiana, when a fight broke out. Police arrived at the scene as security escorted the two groups of people who had been involved in the fight outside. One group of people was ordered to stand across the street to wait for their rides and the other group was held near the building by security. Both groups were still riled up and were yelling at each other and exchanging curse words. The main person involved in the fight was placed in a squad car. Officer Montae Dixon escorted Edmond to her vehicle so that she could pick up her friends who were standing near the building. As Officer Dixon followed Edmond in her vehicle, he saw her make a "swift jerk" into a grassy area on the side of the road where three girls, K.L., A.D., and K.F., were standing. Transcript at 202. Edmond's vehicle hit the girls.[1]

---

[1] Edmond and the girls did not know each other prior to the party. At trial, the State argued that she hit them intentionally, having believed that they were involved in the fight. Edmond argued that they were not involved

2

K.L. did not see the car coming and was thrown in the air. As a result of the hit, she suffered a moderate dislocation of her right knee. A.D did not suffer any serious injury. K.F. suffered a contusion to the head and swelling on her tailbone.

Edmond was charged with multiple counts. After a jury trial, Edmond was convicted of aggravated battery, a Class B felony; battery with a deadly weapon, a Class C felony; and criminal recklessness, a Class A misdemeanor. The trial court sentenced Edmond to concurrent terms of eight years for the aggravated battery, two years for the battery with a deadly weapon, and one year for the criminal recklessness with two years suspended. Edmond filed a motion to correct error. After a hearing on the motion, the trial court denied it. Edmond now appeals. Additional facts will be provided as necessary.

Discussion and Decision

I. Jury Instructions

A. Standard of Review

The decision to give or deny a tendered jury instruction is largely left to the sound discretion of the trial court. St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis, 783 N.E.2d 274, 282 (Ind. Ct. App. 2002). We review the trial court's decision only for an abuse of that discretion, and, in so doing, consider whether the tendered instruction (1) correctly states the law, (2) is supported by the evidence, and (3) is covered in substance by other instructions. Stringer v. State, 853 N.E.2d 543, 548 (Ind. Ct. App. 2006). We consider jury instructions as a whole and in reference to each other and do not reverse the

---

in the fight and that she did not hit them intentionally, but that her flip-flop was stuck in the brake and she swerved to avoid hitting a parked vehicle.

trial court unless the instructions as a whole mislead the jury with regards to the law in the case. Helsley v. State, 809 N.E.2d 292, 303 (Ind. 2004).

## B. Refused Instruction

The trial court refused to give the following jury instruction tendered by Edmond:

> Proof that the accident which resulted in the injury complained of arose out of inadvertence, lack of attention, forgetfulness or thoughtlessness of the Defendant, as the driver of the automobile involved in the accident, or from an error of judgment on the part of the said Defendant, will not support a charge of criminal recklessness, and in that event you must find the defendant not guilty of the charges of criminal recklessness.
> I instruct you that if the Defendant due to error in judgment caused the collision, then she cannot be guilty of criminal recklessness, and your verdict must be not guilty.

Appellant's Appendix at 50. Edmond argues that the refusal of this instruction is reversible error. We disagree.

Even if an instruction is a correct statement of the law and finds support in the evidence, a trial court may in its discretion refuse to give it if it is covered in substance by other instructions. O'Connell v. State, 970 N.E.2d 168, 173-74 (Ind. Ct. App. 2012). Here, the trial court found that the refused instruction was covered in substance by the following instruction, also tendered by Edmond:

> A person engages in conduct "recklessly" if she engages in the conduct in plain, conscious and unjustified disregard of the harm that might result therefrom, and the disregard involves a substantial deviation from acceptable standards of conduct. This requires the State to prove more than mere negligence on behalf of the Accused.
> Negligence is the failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, or the doing of some thing which [sic] reasonably careful and prudent person would not have done under the same or like circumstances; in other words, negligence is the failure to exercise reasonable or ordinary care.

Appellant's App. at 49. Because the jury was properly instructed as to the definitions of recklessness and negligence and informed that the State was required to prove more than mere negligence, the trial court's refusal to give an instruction merely expounding on the definition of negligence was not an abuse of discretion.[2]

In support of her argument, Edmond relies on Sipp v. State, 514 N.E.2d 330 (Ind. Ct. App. 1987), and Cichos v. State, 243 Ind. 187, 184 N.E.2d 1 (1962). However, in Sipp, the jury was not instructed that the State had to prove more than negligence nor was it given a definition of negligence despite the defense having presented evidence that the defendant suffered epileptic seizures. 514 N.E.2d at 330-32. Because the refused instructions were not covered in substance by other instructions, the court reversed the defendant's conviction for reckless homicide. Id. at 332. Similarly, in Cichos, the refused instructions explaining that mere negligence in the operation of a motor vehicle did not create criminal liability were not covered in substance by any instructions given by the trial court and thus our supreme court reversed the defendant's reckless homicide conviction. 184 N.E.2d at 1-3. Here, unlike both cases, the jury was properly instructed that the State was required to prove more than mere negligence and given the definition of negligence. The trial court did not abuse its discretion when it refused to give the proposed instruction.

---

[2] Edmond notes that the trial court stated that she was entitled to make an argument for accident, and yet refused the proposed instruction. However, while the instruction mentions the word "accident," it merely develops the distinction between recklessness and negligence by listing "inadvertence, lack of attention, forgetfulness or thoughtlessness . . . [or] an error of judgment" as things that do not rise to the level of criminal recklessness. Appellant's App. at 50. In fact, Edmond offered to remove the word accident from the instruction and replace it with the word "incident or occurrence" if doing so would convince the court to give it to the jury. Tr. at 359.

## II. Sufficiency of Evidence

### A. Standard of Review

Our standard of review for sufficiency claims is well-settled. We do not reweigh the evidence or assess witness credibility for ourselves. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. We consider only the probative evidence and reasonable inferences supporting the verdict. Id. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. Id.

### B. Protracted Impairment

Edmond was convicted of aggravated battery in violation of Indiana Code section 35-42-2-1.5. The State was required to prove beyond a reasonable doubt that Edmond knowingly or intentionally inflicted injury on K.L., causing protracted loss or impairment of the function of a bodily member or organ. Edmond concedes that there was sufficient evidence K.L. was injured as a result of being struck by the car but argues that the evidence was insufficient to prove that K.L. suffered protracted loss or impairment of the function of her right leg as a result of that injury. We disagree.

This court has defined protracted as "to draw out or lengthen in time" and impairment as "the fact or state of being damaged, weakened, or diminished." Mann v. State, 895 N.E.2d 119, 122 (Ind. Ct. App. 2008) (internal quotations and citations omitted). Edmond relies on the case of Neville v. State, 802 N.E.2d 516 (Ind. Ct. App.

2004), trans. denied, for her argument. In Neville, the evidence established that the victim was hospitalized for three days, experienced pain, and was discharged on crutches with his leg in a brace, but the victim did not testify at trial and medical records did not note the severity of the injury or whether he would experience protracted impairment. Id. at 519. As a result, a panel of this court found that the State did not meet its burden of proving protracted loss or impairment sufficient to sustain an aggravated battery conviction and reversed with instructions to the trial court to enter judgment for the lesser-included offense of battery. Id. at 520.

While K.L. was only hospitalized for three days for the dislocation of her right knee and tears in the ligaments, her medical records indicate that her leg was placed in a cast with the understanding that she may require reconstructive ligamentous surgery to the knee in the future. State Exhibit's 15 at 15. Also, unlike the victim in Neville, K.L. testified at trial. She stated that she did not remember exactly how long her leg had stayed in a cast immediately after the injury, but testified that one week prior to the trial, about seven months after the injury, she had surgery on her knee and was placed on crutches once again. Her testimony established that her leg was impaired approximately seven months after the injury and thus there was sufficient evidence K.L. suffered protracted loss or impairment of the function of her right leg. See Mann, 895 N.E.2d at 122 (holding that the victim's testimony that he had muffled hearing for approximately two months after the attack was sufficient evidence of protracted impairment to his ear); Salone v. State, 652 N.E.2d 552, 559 (Ind. Ct. App. 1995) (holding that the victim's testimony that she was unable to use her hand for fourteen to sixteen weeks was

substantial evidence that the injury caused protracted loss or impairment of the function of her hand), trans. denied.

### III. Motion to Correct Error

#### A. Standard of Review

When a trial court rules on a motion to correct error, it has the duty to examine the evidence to determine whether there is evidence beyond a reasonable doubt that supports the verdict of the jury. Tancil v. State, 956 N.E.2d 1204, 1206 (Ind. Ct. App. 2011) (quoting Moore v. State, 273 Ind. 268, 403 N.E.2d 335, 336 (1980)), trans. denied. When the request is for a new trial, the trial court acts as a thirteenth juror and may weigh the evidence and judge the credibility of the witnesses. Id. at 1206 (quoting Jones v. State, 697 N.E.2d 57, 59 (Ind. 1998)). The trial court has discretion to grant or deny a motion to correct error, and we reverse the trial court's decision only for an abuse of that discretion. Roberts v. State, 854 N.E.2d 1177, 1178 (Ind. Ct. App. 2006), trans. denied. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. Id.

#### B. Thirteenth Juror

The trial court denied Edmond's motion to correct error in which she challenged the sufficiency of the evidence of the protracted impairment element of the aggravated battery conviction, which we discuss in part II above, and the sufficiency of the evidence of the mens rea element for all three of her convictions. Edmond contends that the trial court used the wrong standard in ruling on her motion to correct error. She claims that

8

the court should have weighed the evidence and credibility of the witnesses as the thirteenth juror and if the court had done so, it would have set aside her convictions. We disagree.

While it is true that as the thirteenth juror the trial court may weigh the evidence and credibility of the witnesses, this principle "is not intended to invite the trial judge to cavalierly substitute his or her evaluation of the evidence in place of a contrary evaluation made by the jury, and relief is appropriate only if the jury's determination is unreasonable or improper." State v. Hollars, 887 N.E.2d 197, 204 (Ind. Ct. App. 2008), trans. denied. After hearing the case along with the jury and assessing the credibility of the witnesses, the trial court as the thirteenth juror determines whether the verdict is against the great weight of the evidence. Id. The trial court did that here.

In denying Edmond's motion to correct error, the trial court stated, in relevant part, the following:

> What I remember of this case, and the state really points out the essential fact I think that in my opinion led the jury to find the defendant guilty of all charges is information from witnesses that defendant swerved and went off the road. This is – this was clear and really without contradiction as I remember the evidence. I do recall pointing out in my summation at sentencing that there was a conflict in terms of whether the lights were on or off, but I think that that has less weight in light of the more compelling evidence produced at trial that the victims, all three, were not on the road. All three were off the road in a grassy area or some area if not grass, sand, in this area and not on the road. The information before the jury is that defendant went off the road and the victims were not on the road. This in my opinion would lead the jury to find either the act was knowing or intentional, either finding could have been supported by the evidence. In light of the injury, I think there's no question at all . . . that the main victim . . . did suffer from protracted loss or impairment of the function of a bodily member in light of the injury produced and presented to the jury . . . . Because you have raised the reckless conviction . . . the jury was given [an instruction] with regard to how they are to view negligence versus recklessness . . . . I think that the jury had the opportunity to review and

9

certainly find criminal recklessness . . . . I do believe that there is substantial evidence or [sic] probative value to support each essential element of the claim . . . . I specifically do not believe that the verdicts on any of these counts are against the weight of the evidence, because the weight of the evidence in my opinion is clear and for the reasons previously stated this morning.

Tr. at 472-74.[3] Thus, the trial court employed the correct standard and properly considered the evidence, finding that the jury's verdict was not against the weight of the evidence. See Tancil, 956 N.E.2d at 1210 (holding that the trial court did not abuse its discretion in denying defendant's motion for a new trial because there was sufficient evidence to support the jury's verdict); see also Hollars, 887 N.E.2d at 205 (holding that "while the jury in this case certainly could have concluded that [the defendant] did not have time to form the requisite intent to kill, the evidence is not so lopsided that the jury should have done so," and thus the trial court abused its discretion in reversing the jury's verdict) (emphasis in original). The trial court did not abuse its discretion in denying Edmond's motion to correct error.

Conclusion

The trial court did not abuse its discretion in refusing to give Edmond's proposed jury instruction or in denying her motion to correct error. Further, there was sufficient evidence to sustain the conviction of aggravated battery. We therefore affirm her convictions.

Affirmed.

MAY, J., and PYLE, J., concur.

---

[3] The trial court also issued a written order in which it stated that "there is substantial evidence of probative value to support each element of all charges for which the defendant was found guilty" and "the jury verdict is not against the weight of the evidence." Appellant's App. at 107.