## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 27 2018, 7:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Theressa Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 27, 2018

Court of Appeals Case No.
48A02-1703-CR-523

Appeal from the Madison Circuit Court

The Honorable Mark K. Dudley, Judge

Trial Court Cause No.
48C06-1212-FC-2262

**Mathias, Judge.**

[1] Theressa Jones ("Jones") was convicted in Madison Circuit Court of Class C felony reckless homicide. Jones appeals her conviction and argues that the trial

court abused its discretion when it refused to tender her proposed instructions to the jury concerning her claim that her actions were negligent, but not reckless.

[2] We affirm.

## Facts and Procedural History

[3] On July 16, 2012, Jones, LaQuinda Maxwell ("Maxwell"), and Maxwell's cousin and sister were traveling in a U-Haul truck with an attached car trailer on Broadway Street in Anderson, Indiana. Maxwell was driving the truck, and Jones was seated in the passenger seat. The two children were seated on the floorboard between Maxwell and Jones.

[4] As Maxwell drove the U-Haul down Broadway Street, Maxwell and Jones were arguing and Maxwell told Jones that they were "done." Tr. Vol. II, pp. 196–97. Jones believed that Maxwell was ending their relationship. *Id.* Jones was upset, threatened to jump out of the vehicle, and opened the passenger door to the U-Haul. Maxwell and the children grabbed Jones to prevent her from jumping. As Maxwell did so, her foot pressed down on the accelerator, and the U-Haul swerved. Maxwell lost control of the U-Haul, and it began to spin. Jones was thrown from the vehicle.

[5] William Richards ("Richards") was stopped on his motorcycle at the intersection of Broadway and Grand. Maxwell was unable to regain control of the U-Haul and hit Richards as it spun through the intersection. The impact

caused Richards's death. The U-Haul eventually came to a stop when it hit a utility pole.

[6] Later investigation revealed that Maxwell was travelling approximately sixty-two miles per hour, twenty-two miles per hour over the posted speed limit, when she lost control of the U-Haul. Maxwell also tested positive for marijuana and Klonapin and admitted that she had a shot of Vodka before driving the U-Haul. However, officers at the scene stated that Maxwell did not appear to be intoxicated. Maxwell eventually pleaded guilty to reckless homicide and operating a vehicle causing death with a controlled substance in her blood stream.

[7] On December 5, 2012, the State charged Jones with Class C felony reckless homicide. A jury trial was held on November 24, 2014, and Jones was convicted as charged. Jones's conviction was reversed on appeal because the trial court erred when it removed a juror after deliberations had begun. *See Theressa Jones v. State*, No. 48A02-1501-CR-56 (Ind. Ct. App. Dec. 10, 2015).

[8] Jones's second jury trial commenced on January 10, 2017. Jones argued that her acts were negligent but not criminal. She also argued that Maxwell would have been able to maintain control of the U-Haul if she had not been speeding. In support of her defense, Jones presented testimony from an accident reconstructionist who testified that the vehicle's speed was the primary cause of the accident. Tr. Vol. IV, pp. 80–82. The State countered this testimony with Jones's statement to a police officer that the crash would not have occurred if

she had not opened the door and tried to jump out of the U-Haul. Ex. Vol., State's Exs. 55 & 55A.

[9] Jones requested several jury instructions in support of her claim that her actions were not criminally reckless but merely negligent, including the definition of negligence, the difference between negligent and criminal behavior, and explained a driver's duty of care. Appellant's App. pp. 92–102. The trial court refused to give Jones's requested instructions to the jury.

[10] Jones was found guilty as charged. The trial court ordered Jones to serve the same sentence she was ordered to serve after her first trial: five years, with three years executed in the Department of Correction and two years suspended to probation. Jones now appeals.

## Discussion and Decision

[11] Jones argues that the trial court abused its discretion when it refused to give her proposed instructions numbers 1–10. "The purpose of a jury instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Isom v. State*, 31 N.E.3d 469, 484 (Ind. 2015) (internal quotation marks omitted).

[12] The trial court has broad discretion in instructing the jury, and as a result, we review the trial court's decision to give or refuse a party's tendered instruction for an abuse of discretion. *Kane v. State*, 976 N.E.2d 1228, 1231 (Ind. 2012). On review, we consider "(1) whether the tendered instruction correctly states the

law; (2) whether there was evidence presented at trial to support giving the instruction; and, (3) whether the substance of the instruction was covered by other instructions that were given." *Id.* at 1230–31. "[W]e consider the instructions as a whole and in reference to each other and do not reverse the trial court for an abuse of discretion unless the instructions as a whole mislead the jury as to the law in the case." *McCowan v. State*, 27 N.E.3d 760, 764 (Ind. 2015).

[13] Jones's proposed instructions defined negligence, compared negligent versus reckless acts, defined criminal intent, and explained the duty of a driver to exercise due care when operating a vehicle. Appellant's App. Vol. II, pp. 92– 102. The State argues that the trial court properly refused to give these instructions to the jury because negligence is not a legal defense to the crime of reckless homicide.

[14] The State relies heavily on *Springer v. State*, 798 N.E.2d 431 (Ind. 2003), in support of its argument. In that case, the defendant took a loaded gun to a home to confront boys who had beaten his son. The defendant either fired a "warning shot" or accidentally discharged the gun, and the bullet travelled through a refrigerator and wall before striking a boy who was in the bathroom. The defendant was charged and convicted of criminal recklessness.

[15] The defendant appealed his conviction and argued that the trial court abused its discretion when it refused to give his proposed instructions on the definition of negligence, the definition of recklessness, and the defense of accident. The

defendant argued that the trial court's instruction defining recklessness was an incorrect statement of law because the jury was not instructed that the State is required to prove recklessness as opposed to mere negligence. *Id*. at 434. And the defendant argued that the tendered jury instructions did not explain the difference between recklessness and negligence. Finally, the defendant claimed that because the trial court refused to instruct the jury on negligence, the court "effectively prohibited the jury from hearing any instruction on any theory of his defense." *Id*.

[16] Our court agreed with the defendant, but our supreme court rejected the defendant's arguments stating "[n]egligence, as used by Defendant here, is an argument not a legal defense. Defendant's legal defense was and is that he is not guilty of criminal recklessness because his actions did not meet the legal requirements of recklessness." *Id*. at 435. The court noted that the defendant freely argued that "he did no more than fail 'to exercise reasonable or ordinary care.'" *Id*. Finally, the court observed that "no reasonable interpretation of the facts suggests that Defendant's conduct was merely negligent, that he merely failed to exercise reasonable or ordinary care." *Id*. (noting that "'there is no definition of reasonable or ordinary care that encompasses the circumstance of an uninvited person seeking confrontation in the occupied residence of another person, while wielding a loaded, cocked weapon without the safety mechanism engaged'") (quoting *Springer*, 779 N.E.2d 555, 565 (Ind. Ct. App. 2002), *trans. granted* (Bailey, J., dissenting)).

[17] The *Springer* court was unpersuaded by the defendant's citations to and our court's reliance on *Cichos v. State*, 243 Ind. 187, 184 N.E.2d 1 (1962) and *Sipp v. State*, 514 N.E.2d 330 (Ind. Ct. App. 1987). In both of those cases, the driver of a vehicle was charged with reckless homicide, and the convictions were reversed because the defendants' proposed instructions on negligence were not given to the jury. The *Springer* court stated that "the factual circumstances of this case distinguish it from *Cichos* and *Sipp*. Both of those cases involved conduct that can be undertaken with due care —the conduct of driving a motor vehicle." *Id*. at 436 (citing *Cichos*, 243 Ind. at 189–90, 184 N.E.2d at 3; *Sipp*, 514 N.E.2d at 330).

[18] In *Cichos*, the appellant was charged with reckless homicide and involuntary manslaughter following an accident in which his vehicle hit another vehicle head-on, resulting in the death of two occupants in the other vehicle. The trial court refused to give the appellant's tendered instructions stating that mere negligence could not give rise to criminal liability for the crimes of reckless homicide or involuntary manslaughter. Our supreme court determined that failure to give the instructions amounted to reversible error and stated:

> Whether the evidence in this case establishes that the deaths alleged in the indictment occurred from a mere accident, from negligent conduct or from willful and/or wanton misconduct so as to amount to recklessness, is dependent on the weight given the various aspects of the case and the evidence by the jury. The very purpose of the jury is to determine, after deliberation and pursuant to the court's instructions, the legal category into which the jury feels the defendant's conduct falls. The appellant's theory

of the evidence and the law establishing such theory was never given to the jury in any instructions.

*Cichos*, 243 Ind. at 192, 184 N.E.2d at 3.

[19] In *Sipp*, the defendant, who was operating his vehicle in excess of fifty miles per hour, side-swiped two cars stopped at a traffic light before hitting a third car that was also stopped at the traffic light. The driver of the third car died as a result of the accident. Sipp claimed that he suffered from epileptic seizures and could not remember the accident. He tendered instructions stating that he could not be found guilty if he was merely negligent in operating his vehicle or if his lack of attention or error in judgment caused the collision. Citing *Cichos*, our court agreed that the instructions should have been given to the jury, and we reversed his conviction. *Sipp*, 514 N.E.2d at 332.

[20] Although the facts of this case are more closely aligned with those in *Sipp* and *Cichos*, there are two significant factual differences: Jones was not the driver of the vehicle, and she was not involved in conduct that can be undertaken with due care. *See Springer*, 798 N.E.2d at 436. Jones threatened to jump out of the U-Haul and opened the passenger side door so that she could do so while the U-Haul was being operated on a roadway. Importantly, negligence law "presupposes that an individual is engaged in lawful conduct which can be undertaken with due care for the safety of another person." *Id.* at 435.

[21] We cannot agree with the dissent that Jones' actions were reckless "only as to her own safety." Slip op. at 12. It is foreseeable that to jump out of a moving

vehicle onto the roadway could result in a traffic accident that involves third parties. It is not lawful to create such a hazard on the roadway. Jones was not entitled to an instruction that presupposes that such an act could be lawful.

[22] At trial, Jones argued that the State failed to prove that her conduct met the legal requirements of recklessness and that Maxwell's operation of the vehicle, i.e. speeding and removing her hands from the steering wheel, was the cause of the accident. Therefore, like the defendant in *Springer*, Jones's argument was a challenge to the sufficiency of the evidence rather than "a legal defense." *See id*.

[23] Moreover, during closing arguments, Jones's counsel discussed the concept of negligence with the jury including that negligent conduct does not give rise to criminal liability. Tr. Vol. 4, p. 191. Jones also emphasized her expert's testimony that Maxwell caused the accident because she was speeding, and that Maxwell had taken a shot of vodka before she drove the U-Haul and had marijuana and Klonapin in her system.

[24] Importantly, the jury was properly instructed that the State was required to prove beyond a reasonable doubt that Jones engaged "in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involve[d] a substantial deviation from acceptable standards of conduct." Appellant's App. p. 105. The jury was also given the following instruction titled "Responsible Cause."

> A person's conduct is legally responsible for causing death if:
> (1) the death would not have occurred without the conduct, and

(2) the death was a natural, probable, and foreseeable result of the conduct.

This is called a "responsible cause."

There can be more than one responsible cause for a death.

*Id.*

[25] Because she was found guilty of reckless homicide, the jury must have concluded that the State proved recklessness beyond reasonable doubt, which necessarily negated Jones's argument that Maxwell was solely responsible for the accident and that her own conduct was merely negligent and not a responsible cause of the victim's death.

[26] For all of these reasons, we conclude that the trial court did not abuse its discretion when it refused to give Jones's proposed instructions concerning negligence to the jury.

[27] Affirmed.

Najam, J., concurs.

Barnes, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Theressa Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

Court of Appeals Case No.
48A02-1703-CR-523

**Barnes, Judge, dissenting.**

I respectfully dissent. There is a fine line between reckless and negligent conduct, and I believe there was a clear question here as to whether Jones was reckless or merely negligent with respect to Richards's death. As such, the jury should have been thoroughly and accurately instructed on the difference between recklessness and negligence.

Caselaw is replete with examples of reckless homicide convictions based on traffic accidents being reversed because the evidence only supported a finding of negligence, not recklessness. *See, e.g., DeVaney v. State*, 259 Ind. 483, 288 N.E.2d 732 (1972) (holding evidence was insufficient to support reckless homicide conviction where defendant was intoxicated and crossed centerline but there was no evidence as to how long he had been in the wrong lane before accident); *Seibert v. State*, 239 Ind. 283, 156 N.E.2d 878 (1959) (reversing

reckless homicide conviction where defendant attempted to pass a vehicle while his vision was obstructed and had head-on collision with oncoming vehicle); *State v. Boadi*, 905 N.E.2d 1069 (Ind. Ct. App. 2009) (holding defendant's failure to stop at red light, resulting in accident and death, did not support charge of reckless homicide); *Clancy v. State*, 829 N.E.2d 203 (Ind. Ct. App. 2005) (reversing reckless homicide conviction where defendant fell asleep behind the wheel), *trans. denied*; *Whitaker v. State*, 778 N.E.2d 423 (Ind. Ct. App. 2002) (reversing reckless homicide conviction where tanker-trailer rear-ended a car after speeding slightly), *trans. denied*.  And, as noted by the majority, in at least two cases (*Cichos* and *Sipp*) courts have reversed reckless homicide convictions based on traffic accidents where the trial court failed to give jury instructions regarding negligence.

[30]   The majority distinguishes cases like the ones above because they involved drivers of vehicles, whereas Jones was only a passenger.  I do not believe that makes a difference here.  I am willing to concede that Jones's action of opening the door of a moving vehicle could be deemed unquestionably "reckless" in a sense—but only as to her own safety, or for example a child's safety if she had been holding one or one had been seated nearby.  The question here is whether she was reckless as to the ultimate result of Richards's death.  In order to sustain a reckless homicide conviction, the State was required to prove that Jones acted in plain, conscious, and unjustifiable disregard of the harm that might result and such conduct was a substantial deviation from acceptable standards of conduct.  *See Champlain v. State*, 681 N.E.2d 696, 701 (Ind. 1997)

(citing Ind. Code § 35-41-2-2(c)). Jones's conduct here, while plainly dangerous to herself, was not so plainly dangerous to third parties. This was entirely unlike bringing a loaded firearm into a heated situation, as occurred in *Springer*.

[31] "A criminal defendant is entitled to have a jury instruction on 'any theory or defense which has some foundation in the evidence.'" *Hernandez v. State*, 45 N.E.3d 373, 376 (Ind. 2015) (quoting *Toops v. State*, 643 N.E.2d 387, 389 (Ind. Ct. App. 1994)). Thus, even if Jones's claim that she was only negligent did not qualify as a "defense" under *Springer*, it was at least a "theory" that could have led to her acquittal. She was entitled to have a jury instruction explaining that theory. Nor do I think that allowing her attorney to argue about negligence was an adequate substitute for an instruction from the trial court explaining the concept to the jury and thus confirming that the argument had legal merit. In fact, the jury was instructed, "The Court's instructions are your best source in determining the law." App. Vol. II p. 104. Hearing this, and not hearing an instruction about the definition of negligence and its difference from recklessness, the jury might have felt free to disregard counsel's arguments about negligence.

[32] In sum, I vote to reverse Jones's conviction and remand for retrial.