Christopher MANN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–0708–CR–355.

Court of Appeals of Indiana.

Oct. 17, 2008.

Gregory Paul Kauffman, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issues

Following a jury trial, Christopher Mann appeals his conviction and sentence for aggravated battery, a Class B felony. On appeal, Mann raises two issues, which we restate as 1) whether sufficient evidence supports Mann's conviction and 2) whether Mann's sentence violates the Proportionality Clause of Article I, Section 16, of the Indiana Constitution. Concluding that sufficient evidence supports Mann's conviction and that his sentence does not violate the Proportionality Clause, we affirm.

### Facts and Procedural History

On the evening of August 1, 2005, Aareon Neely, Mann's friend, was arguing on the telephone with sixteen-year-old C.B., who was a high school classmate of Neely and Mann, though several years younger. The argument escalated to the point that Neely stated he was "on his way" to the fast food restaurant where C.B. was working so he could "whoop" C.B. Transcript at 163. While en route, Neely contacted Mann, explained to Mann that he had been in an "altercation" with C.B., and asked Mann to accompany him. Id. at 205. Mann agreed, and he and Neely, along with Neely's brother and another friend, drove to the fast food restaurant.[1] According to Mann, he "had no plan on fighting or anything," id. at 207, and instead was accompanying Neely in case things got out of hand.

Things got out of hand almost immediately after Neely and the other three arrived; Neely and C.B. wrestled briefly in a close-quarters "vestibule" until Neely got the upper hand and starting kicking C.B. Id. at 165. According to one of C.B.'s co-workers, Neely's accomplices entered the vestibule and started kicking C.B. while C.B. was "[o]n the floor" and "in a cradle position." Id. at 136–37. Another co-worker of C.B.'s tried to enter the vestibule, but one of the attackers (the record is unclear if it was Mann) held the door shut. The four attackers then drove away, leaving a semi-conscious C.B. in a pool of his own blood. C.B. testified at trial that he sustained a fractured skull and "bruises and contusions all over [his] body." Id. at 167. C.B. also testified that for two months after the attack, he experienced headaches, "some kind of clear liquid draining" from his ear, and "muffled hearing" in his right ear. Id.

On September 13, 2005, the State charged Mann with aggravated battery, a Class B felony, and battery as a Class C felony.[2] On February 6 and 7, 2007, the trial court presided over a jury trial, which included testimony from C.B., the co-worker who witnessed the attack, two investigating officers, and Mann. The jury found Mann guilty on both counts, but the trial court entered a judgment of conviction on the aggravated battery count only, presumably due to double jeopardy concerns. On March 2, 2007, the trial court sentenced Mann to six years executed, the

---

1. Mann's trial testimony suggests the brother of Neely's other friend also may have ridden along with this group, but Mann's testimony is not entirely clear on this point. See id. at 206.

2. The battery count was charged as a Class C felony because the State alleged the battery resulted in serious bodily injury. See Ind. Code § 35-42-2-1(a)(3).

statutory minimum term for a Class B felony.[3] Mann now appeals.

### Discussion and Decision

### I. Sufficiency of the Evidence

■ Mann argues insufficient evidence supports his aggravated battery conviction. In reviewing challenges to the sufficiency of the evidence, this court does not reweigh evidence or judge witness credibility, *Wright v. State,* 828 N.E.2d 904, 906 (Ind.2005), and "must affirm [the conviction] 'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt,'" *McHenry v. State,* 820 N.E.2d 124, 126 (Ind.2005) (quoting *Tobar v. State,* 740 N.E.2d 109, 111–12 (Ind.2000)).

To convict Mann of aggravated battery as a Class B felony, the State had to prove beyond a reasonable doubt that Mann knowingly or intentionally inflicted injury on C.B. and that the injury caused a protracted loss or impairment of the function of a bodily member or organ.[4] *See* Ind. Code § 35–42–2–1.5. Mann argues insufficient evidence supports his conviction because the State did not prove beyond a reasonable doubt that he acted knowingly or intentionally or that C.B. suffered a protracted impairment. Both of these arguments are without merit.

Turning first to Mann's argument that the State failed to prove he acted knowingly or intentionally, Indiana Code section 35–41–2–2(b) states, "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." One of C.B.'s co-workers testified that he observed Neely and "four other kids"[5] kicking C.B. while C.B. was "[o]n the floor" and "in a cradle position." *Id.* at 136–37. We think it goes without saying that if a person is kicking a victim while the victim is lying on the floor, the person is aware of a high probability that he is inflicting injury on the victim. *Cf. Book v. State,* 880 N.E.2d 1240, 1252 (Ind.Ct.App.2008) ("It is generally pre-

---

**3.** Neely was convicted and sentenced to ten years, with four years suspended, for Class B felony aggravated battery. This court affirmed Neely's conviction. *See Neely v. State,* No. 71A03–0609–CR–414, 2007 WL 570490 (Ind.Ct.App., Feb. 26, 2007), *trans. denied.* According to the presentence investigation report, Neely's brother and other friend were each convicted of Class C felony battery, but the terms of the sentences for those convictions are unclear.

**4.** The State also argued Mann was guilty on a theory of accomplice liability, *see* Ind.Code § 35–41–2–4 ("A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense . . . ."), as the prosecutor claimed during closing argument that "[i]f holding the door shut and making sure nobody can come in to intervene isn't aiding, I don't know what is," tr. at 233. To prove that Mann held the door shut, the State introduced an audio-video recording of a police interview with Mann and a video surveillance recording of

the attack. However, Mann has not included these exhibits in the record on appeal, and we are therefore unable to determine whether sufficient evidence supports a finding that Mann acted as an accomplice. Although failure to provide an adequate record for appellate review generally results in waiver, *see Miller v. State,* 753 N.E.2d 1284, 1287 (Ind. 2001), the record at least allows for a determination of whether sufficient evidence supports a finding that Mann himself committed aggravated battery, and we will therefore address Mann's argument in that context only.

**5.** The co-worker may have been mistaken regarding the number of attackers. *But see supra,* note 1. However, the oversight is immaterial for purposes of Mann's challenge to the sufficiency of the evidence because regardless of whether there were three or four attackers in addition to Neely, the co-worker testified that all of them were kicking C.B., and Mann testified he was at the scene of the attack.

sumed that a person intends the natural, necessary, and probable consequences of his acts."), *trans. denied.* Thus, a reasonable jury could have concluded beyond a reasonable doubt that Mann acted knowingly.

■ Regarding Mann's argument that the State failed to prove C.B. suffered a protracted impairment, this court has observed that "protracted" means "to draw out or lengthen in time," *Neville v. State,* 802 N.E.2d 516, 518 (Ind.Ct.App.2004) (citation omitted), *trans. denied,* and that "impairment" means the "fact or state of being damaged, weakened, or diminished," *Fleming v. State,* 833 N.E.2d 84, 89 (Ind. Ct.App.2005). We also note that expert testimony is not required to prove the victim suffered a protracted impairment. *See id.* C.B. testified that for approximately two months after the attack, he experienced "muffled hearing," tr. at 167, in his right ear: "it just sounded like I was under water. I couldn't hear what anybody was saying too clearly. I'd have to ask them [sic] a few times," *id.* at 168. This meets the statutory definition of a protracted impairment, and although C.B. did not state explicitly that his hearing was normal before the attack, no such testimony was required—a reasonable inference is that the attack caused the damage to C.B.'s ear and to his hearing. Thus, a reasonable jury could have concluded beyond a reasonable doubt that the injury Mann inflicted caused a protracted injury.

Because sufficient evidence exists to prove that Mann acted knowingly and that the injury Mann inflicted caused a protracted injury, it follows that the State presented sufficient evidence for a reasonable jury to find beyond a reasonable doubt that Mann committed Class B aggravated battery.

## II. Proportionality Clause

■ Mann argues his sentence violates the Proportionality Clause of Article I, Section 16, of the Indiana Constitution. The Proportionality Clause states, "All penalties shall be proportioned to the nature of the offense." Ind. Const. art. I, § 16. This court has observed that challenges to the constitutionality of a statute begin with a presumption in favor of the statute's constitutionality and will not be overcome absent a clear showing to the contrary. *See Logan v. State,* 836 N.E.2d 467, 470 (Ind.Ct.App.2005), *trans. denied.* This standard arguably is more deferential where the challenge is based on the Proportionality Clause, as our supreme court has stated repeatedly that because criminal sanctions are a legislative prerogative, separation-of-powers principles require a reviewing court to afford substantial deference to the sanction the legislature has chosen. *See State v. Moss–Dwyer,* 686 N.E.2d 109, 111 (Ind.1997); *Clark v. State,* 561 N.E.2d 759, 765 (Ind.1990). Accordingly, "[w]e will not disturb the legislative determination of the appropriate penalty for criminal behavior except upon a showing of clear constitutional infirmity." *Moss–Dwyer,* 686 N.E.2d at 111–12; *cf. Pritscher v. State,* 675 N.E.2d 727, 731 (Ind.Ct.App.1996) (stating that a sentence violates the Proportionality Clause "if it is so severe and entirely out of proportion to the gravity of the offenses committed as 'to shock public sentiment and violate the judgment of reasonable people'" (quoting *Cox v. State,* 203 Ind. 544, 549, 181 N.E. 469, 472 (1932))).

To understand Mann's argument, it is necessary to discuss in further detail the two offenses charged by the State and the punishments prescribed by those offenses. The State alleged Mann committed aggravated battery, which is classified as a Class B felony only, *see* Ind.Code § 35–42–2–1.5,

and battery, which ranges in penal severity from a Class B misdemeanor to a Class A felony, *see* Ind.Code § 35–42–2–1. The State charged the aggravated battery count as a Class B felony and the battery count as a Class C felony. The specific statutory language for each offense as it corresponds to the State's charging information is as follows:

> A person who knowingly or intentionally inflicts injury on a person that ... causes:
>
> . . .
>
> (2) protracted loss or impairment of the function of a bodily member or organ;
>
> . . .
>
> commits aggravated battery, a Class B felony.

Ind.Code § 35–42–2–1.5.

> (a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery. . . . [T]he offense is:
>
> . . .
>
> (3) a Class C felony if it results in serious bodily injury to any other person. . . .

Ind.Code § 35–42–2–1(a)(3). The term "serious bodily injury" is statutorily defined to include "bodily injury ... that causes ... permanent or protracted loss or impairment of the function of a bodily member or organ." Ind.Code § 35–41–1–

25. Thus, because Class B felony aggravated battery and Class C felony battery involve the same type of injury—"permanent or protracted loss or impairment of the function of a bodily member or organ"—Mann argues that providing different punishments for these offenses (Class B felony versus Class C felony) violates the Proportionality Clause.[6]

A panel of this court recognized the validity of a similar argument in *Poling v. State*, 853 N.E.2d 1270 (Ind.Ct.App.2006). The defendant in that case was convicted of three counts of Class C felony neglect of a dependent, and argued that his sentence violated the Proportionality Clause. The neglect of a dependent statute stated the offense was a Class D felony if, among other things, the defendant abandoned or cruelly confined the dependent, *see id.* at 1275, but also stated the offense was elevated to a Class C felony if the cruel confinement also "consist[ed] of cruel or unusual confinement," *id.* (quoting Ind. Code § 35–46–1–4(a)(5)). Noting a redundancy between the Class C felony and Class D felony offense levels in that both authorized a conviction if the confinement was cruel, we concluded the defendant's sentence violated the proportionality clause because "one defendant can receive a harsher sentence than another for the very same crime." *Id.* at 1276.

Mann's sentence is similar to the sentence in *Poling* at least to the extent that

---

**6.** We note as an aside that this argument appears invalid on its face at least based on a literal reading of the Proportionality Clause, as the Clause requires proportionality between "penalties" for an offense and the offense itself, not proportionality between the penalty for one offense and the penalty for another offense or, more generally, the penalty for one offense and the penalties for certain categories of offenses such as drug or sex crimes. One answer to disregarding such a literal reading is that a reviewing court cannot determine in isolation whether a penalty

for an offense is disproportional to the offense itself; instead, some comparison must be made to the penalties prescribed for similar offenses. At any rate, we need not resolve this discrepancy because our supreme court has analyzed challenges based on the Proportionality Clause in part by comparing the penalty and offense at issue to penalties for similar offenses, *see, e.g., Moss–Dwyer*, 686 N.E.2d at 111–13; *Conner v. State*, 626 N.E.2d 803, 805–06 (Ind.1993), and we are bound by that approach.

Class B felony aggravated battery involves the same type of injury as Class C felony battery. Mann overlooks, however, that the mental states for these offenses do not have the same conduct as their aim—aggravated battery requires the defendant to knowingly or intentionally inflict injury on another, *see* Ind.Code § 35–42–2–1.5, while battery merely requires the defendant to knowingly or intentionally touch another in a rude, insolent, or angry manner, *see* Ind.Code § 35–42–2–1. Because the legislature could rationally conclude that defendants who intend to inflict injury on another are more blameworthy than defendants who intend to touch another rudely (and, more to the point, do not intend to inflict injury), it follows that a more severe punishment for defendants who commit Class B felony aggravated battery does not violate the Proportionality Clause. *Cf. Moss–Dwyer*, 686 N.E.2d at 113 (concluding the defendant's sentence for providing false information on a handgun permit application did not violate the Proportionality Clause when compared to the more lenient sentence for carrying a handgun without a license because "[t]he legislature could well determine that giving false information on an application for a handgun permit was a more serious crime than carrying a handgun without a license").

### Conclusion

Sufficient evidence supports Mann's conviction of aggravated battery, and his sentence does not violate the Proportionality Clause.

Affirmed.

NAJAM, J., and MAY, J., concur.