**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ADAM G. FORREST**
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCCLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 14 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BERT S. WATKINS II, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1203-CR-103 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No. 89C01-0912-CR-103

December 14, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Bert S. Watkins II appeals his sentence following his conviction for obstruction of justice, a Class D felony, and the court's adjudication that Watkins is an habitual offender. Watkins raises a single issue for our review, which we restate as the following three issues:

1. Whether the trial court abused its discretion when it sentenced Watkins;

2. Whether Watkins' sentence is inappropriate in light of the nature of the offense and his character; and

3. Whether his habitual offender enhancement violates the Proportionality Clause of the Indiana Constitution.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On December 26, 2009, Watkins and several other family members gathered at Watkins' apartment in Richmond. After a few hours, Watkins got into a heated argument with his cousin, James Robertson, and Watkins pointed a firearm at him. Watkins then lowered his firearm and left the room. Robertson left the apartment and had a neighbor call the police.

City of Richmond police officers arrived shortly thereafter and set up a perimeter around Watkins' apartment. Officer James Rice and Deputy Sheriff Martel Winburn observed Watkins exit his apartment through a back door and climb onto the roof of the apartment below. The officers observed Watkins throwing a "shiny[,] chrome, metallic type object" into a neighbor's yard. Transcript at 571. The officers later recovered the object, which was Watkins' loaded firearm, and arrested Watkins.

2

On December 28, the State charged Watkins with battery, as a Class C felony, and for being an habitual offender. The State later amended its information to include a charge of obstruction of justice, a Class D felony. In January of 2012, a jury acquitted Watkins of battery but found him guilty of obstruction of justice and found that he was an habitual offender. Following a sentencing hearing, the trial court ordered Watkins to serve three years executed for obstruction of justice, enhanced by three years for being an habitual offender.[1] This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Abuse of Discretion

We first address Watkins' argument that the trial court abused its discretion when it relied on his criminal history to impose both an enhanced sentence for his underlying conviction and his enhancement for being an habitual offender. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are

---

[1] The advisory sentence for a Class D felony is one and one-half years, and the maximum term is three years. See Ind. Code § 35-50-2-7. For an habitual offender, the court "shall sentence a person . . . to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." I.C. § 35-50-2-8(h).

3

clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. . . .

[However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Watkins states that the "Trial Court is permitted to utilize his criminal history in developing an appropriate sentence; however, he disagrees with the Trial Court emphasis on the same in the instant matter in light of the . . . further penalty to be imposed as a result of the Habitual Offender adjudication." Appellant's Br. at 8. In sentencing Watkins, the trial court stated as follows:

When it all comes out, he's committed, before . . . this felony conviction and this habitual offender adjudication, he has seven felonies and seven misdemeanors. So I will say I am going to attribute substantial weight to that aggravating circumstance. And . . . the Court would note . . . [t]hat he's been the recipient of a number of pretty creative and—and lenient sentencing alternatives. He's received partially suspended felony convictions. He's received totally executed felony convictions. He's received mitigated sentences. He's received aggravated sentences. He's received advisory . . . sentences. He's been placed on probation numerous times. He's received consecutive sentences, concurrent sentences. He's committed crimes while on bond and while on probation [on] numerous occasions. And none of this has worked. None of this has in any way, shape[,] or form dissuaded him from engaging in further criminal activity.

Transcript at 889-90. Thus, the trial court identified two aggravating circumstances: Watkins' extensive criminal history as well as the ineffectiveness of prior "creative . . . and lenient sentencing . . . [to] dissuade[] him from engaging in further criminal activity." Id.

4

The trial court's enhancement of Watkins' sentence for his conviction and its imposition of his habitual offender enhancement was not an abuse of its discretion. At no point did the trial court state that it was enhancing Watkins' sentence for his conviction based exclusively on the predicate offenses underlying his habitual offender enhancement, and the trial court did not twice enhance Watkins' sentence based on a single aggravator. To the contrary, the trial court plainly relied on two aggravators, one of which was the extensive nature of Watkins' total criminal history, when it imposed his sentence. As such, the trial court did not abuse its discretion when it sentenced Watkins.

### Issue Two: Appellate Rule 7(B)

Watkins next asserts that his three-year sentence for obstruction of justice is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that her sentence is inappropriate in light of the nature of her offense and her character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his

5

or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Here, Watkins argues that his three-year sentence is inappropriate because "Obstruction of Justice[] is not the type of offense that has any real victim." Appellant's Br. at 5. We cannot agree. Watkins threw a loaded firearm into an adjacent yard and, in doing so, he completely disregarded the safety of the nearby officers and his neighbors. Thus, Watkins' sentence is not inappropriate in light of the nature of the offense.

Watkins also asserts that he is not "the worst of the worst . . . and, as such, the . . . maximum sentence for a Class D Felony conviction was not appropriate." Id. But it is well established that the test for imposing the maximum sentence is not to compare facts of hypothetical cases but to focus on the facts of the instant case. See, e.g., Brown v. State, 760 N.E.2d 243, 248 (Ind. Ct. App. 2002). Here, as explained by the trial court, Watkins has an extensive criminal history and prior attempts at rehabilitation have been futile. Further, Watkins' possession of the firearm was a violation of the terms of his

6

bond on a separate, pending charge. Hence, we cannot say that Watkins' sentence is inappropriate in light of his character.

## Issue Three: Proportional Sentence

Finally, Watkins contends that his three-year habitual offender enhancement violates the Proportionality Clause of Indiana's Constitution. The Proportionality Clause of Indiana's Constitution mandates that "[a]ll penalties shall be proportioned to the nature of the offense." Ind. Const. Art. I, § 16. As we have stated:

> This court has observed that challenges to the constitutionality of a statute begin with a presumption in favor of the statute's constitutionality and will not be overcome absent a clear showing to the contrary. This standard arguably is more deferential where the challenge is based on the Proportionality Clause, as our supreme court has stated repeatedly that[,] because criminal sanctions are a legislative prerogative, separation-of-powers principles require a reviewing court to afford substantial deference to the sanction the legislature has chosen. Accordingly, we will not disturb the legislative determination of the appropriate penalty for criminal behavior except upon a showing of clear constitutional infirmity.

Mann v. State, 895 N.E.2d 119, 122 (Ind. Ct. App. 2008) (citations, quotations, and alterations omitted).

> Further, our supreme court has held that
>
> the fact that appellant's sentence falls within parameters affixed by the legislature does not relieve this Court of the constitutional duty to review the duration of appellant's sentence as it is possible for the statute under which appellant is convicted to be constitutional, and yet be unconstitutional as applied to appellant in this particular instance.
>
> * * *
>
> . . . This Court has held that the proportionality analysis of a habitual offender penalty has two components. First, a reviewing court should make an inquiry into the "nature" and gravity of the present felony. Second, a reviewing court should consider the "nature" of the predicate felonies upon which the habitual offender sentence is based.

7

Clark v. State, 561 N.E.2d 759, 765-66 (Ind. 1990).

Here, the present felony is of a serious nature. Again, in his attempt to flee police and hide evidence, Watkins threw a loaded firearm into an adjacent yard. In doing so, Watkins disregarded the safety of the nearby officers and his neighbors. And Watkins' possession of the firearm was a violation of his terms of bond on a separate, pending charge. Moreover, the two predicate felonies underlying his habitual offender allegation—a 1999 conviction for carrying a handgun without a license, as a Class C felony, and a 2004 conviction for resisting law enforcement, as a Class D felony—are of a similar nature to the facts that resulted in Watkins' present conviction.

Accordingly, we cannot say that Watkins' three-year enhancement for being an habitual offender has a "clear constitutional infirmity" justifying a reconsideration of his sentence under Article I, Section 16 of the Indiana Constitution.

## CONCLUSION

In sum, the trial court did not abuse its discretion when it sentenced Watkins, and Watkins' sentence for obstruction of justice is not inappropriate. Further, Watkins' habitual offender enhancement does not violate the Proportionality Clause of the Indiana Constitution. As such, we affirm Watkins' sentence.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.