**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| THOMAS E. STEVENS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 45A05-1301-CR-6 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1206-FB-49

**August 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Thomas Stevens appeals his five-year sentence for Class C felony battery resulting in serious bodily injury. We affirm.

**Issue**

The sole issue before us is whether Stevens's five-year sentence is inappropriate.

**Facts**

On May 31, 2012, fifty-two-year-old Stevens attacked his eighty-year-old father, John Stevens, with a heavy wooden tray while John was watching television. The attack occurred in John's home in Hammond; Stevens had lived with and been dependent on John most of his life. Although John begged Stevens to stop, he continued to strike John about the head and body until John lost consciousness. Stevens, apparently intoxicated, then went to another room and fell asleep. After John regained consciousness, he called 911 and was taken to the hospital. As a result of the attack, John suffered bleeding on the brain, lacerations and contusions to his head, a laceration on his arm, a swollen ear, and broken ribs.

The State charged Stevens with Class B felony aggravated battery and two counts of Class C felony battery resulting in serious bodily injury. Stevens agreed to plead guilty to one count of Class C felony battery resulting in serious bodily injury, and the State dismissed the other two counts. On December 4, 2012, the trial court sentenced Stevens to a term of five years executed. Stevens now appeals.

**Analysis**

Stevens's sole claim is that his sentence is inappropriate under Indiana Appellate Rule

7(B) in light of his character and the nature of the offense. See Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). He requests that we reduce his sentence to four years, the advisory for a Class C felony. See Ind. Code § 35-50-2-6(a). Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Regarding the nature of the offense, this crime was especially heinous. Stevens was

3

living with John, his elderly father, who had supported Stevens for most of his life, despite the lack of any disability on Stevens's part. Without any indication of provocation, Stevens brutally attacked John, refusing to stop despite John's pleas for mercy, until John lost consciousness. Stevens did not seek any assistance for his battered father, who fortunately regained consciousness and was able to call 911 and seek medical treatment. John's injuries were multiple and severe, especially for an elderly man.

Turning to Stevens's character, he first directs us to his guilty plea. Although guilty pleas generally reflect favorably upon a defendant's character, their mitigating weight when considering the propriety of a sentence may be reduced "where the defendant receives substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." Amalfitano v. State, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), trans. denied. Here, the State agreed not to pursue a conviction against Stevens for Class B felony aggravated battery in exchange for his guilty plea. We previously have noted the significant overlap between the type of proof need to convict someone of Class B felony aggravated battery and Class C felony battery resulting in serious bodily injury. See Mann v. State, 895 N.E.2d 119, 123-24 (Ind. Ct. App. 2008). Also, the evidence against Stevens appears to have been strong and undisputed. Stevens received a significant benefit from the plea when the State agreed not to attempt to convict him of Class B felony aggravated battery, the minimum sentence for which is one year more than the five-year sentence he received. See I.C. § 35-50-2-5.

Stevens also notes that he has no prior criminal convictions. It is true that a complete

4

lack of criminal history may be significantly mitigating, especially when a person obtains his or her first conviction relatively late in life, as Stevens did. See Cloum v. State, 779 N.E.2d 84, 91 (Ind. Ct. App. 2002). However, in a victim impact letter John wrote to the court, he described an incident from the 1980s in which Stevens stabbed him in the stomach, requiring surgery and hospitalization. In his statement to the probation officer preparing the presentence report, Stevens apparently acknowledged this "battery incident" and that it resulted in psychological and alcohol abuse treatment for Stevens. App. p. 41. Although that incident did occur approximately thirty years ago, and it apparently did not result in any criminal charges being filed, it is troubling that the current incident is not the first in which Stevens violently attacked his father.

Stevens attempts to downplay this attack because it was described by his father in a victim impact statement. He cites Cloum, where we stated:

> when a victim impact statement strays from the effect that a crime had upon the victim and others and begins delving into substantive, unsworn, and otherwise unsupported allegations of other misconduct or poor character on the part of the defendant, caution should be used in assessing the weight to be given to such allegations, especially where the defendant is not provided an opportunity to respond directly to them.

Cloum, 779 N.E.2d at 93. Here, however, Stevens did have the opportunity to dispute the accuracy of John's letter at the sentencing hearing if he had so desired, but he did not do so. And, unlike the victim impact statement in Cloum, which related numerous hearsay statements and multiple general allegations of poor character on the part of the defendant, which conflicted with other evidence in the record and would have been difficult to respond

5

to, John's letter related just one distinct incident of which he and Stevens had personal knowledge and was uncontradicted. We conclude that Stevens's lack of prior convictions is not as positive a reflection on his character as it might have been, given the undisputed previous attack on John.

## Conclusion

Given the egregiousness of the offense and that there are reasons to discount the weightiness of Stevens's guilty plea and lack of criminal history, we cannot say that his five-year sentence is inappropriate.

Affirmed.

CRONE, J., and PYLE, J., concur.