## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 14 2017, 9:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Abraham A. Navarro
Clark County Public Defender Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Raymond James Taylor II,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 14, 2017

Court of Appeals Case No.
10A01-1611-CR-2629

Appeal from the Clark Circuit Court

The Honorable Vicki L. Carmichael, Judge

Trial Court Cause No.
10C04-1604-F3-25

**Vaidik, Chief Judge.**

# Case Summary

Raymond James Taylor II appeals his conviction for Level 3 felony aggravated battery. He argues that the evidence is insufficient to support his conviction and that his sentence violates the Proportionality Clause of the Indiana Constitution. Finding the evidence sufficient and no constitutional violation, we affirm.

# Facts and Procedural History

On May 13, 2016, Taylor was booked into the Clark County Jail and placed in Pod 3A. There were tables inside the pod for inmates to eat their meals. It was against jail policy for inmates to sit on these tables.

Around 9:15 p.m. on May 13, Correctional Officer James Disponett entered the pod and noticed that Taylor was sitting on a table. He asked Taylor to get off the table. After a brief exchange in which Taylor used profanity, Taylor got off the table. Officer Disponett left the pod.

A few minutes later, Correctional Officer Aaron Lewis completed his rounds distributing medication and went to the office near Pod 3A, where he was joined by Officer Disponett. Both officers saw on the monitor that Taylor was sitting on a table. Around 9:30 p.m., Officers Disponett and Lewis entered Pod 3A and Officer Lewis asked Taylor to get off the table. Taylor respond, "No, F you, you're a bit**." Tr. p. 76. Officer Lewis asked Taylor several more times to get off the table. Taylor still refused. Officer Lewis then gave Taylor a

choice: get off the table or go to lock-down. Taylor chose lock-down. Officer Lewis instructed Taylor to put his hands behind his back so that he could be handcuffed and taken to lock-down. But instead of putting his hands behind his back, Taylor punched Officer Lewis in the jaw.

[4] Officer Lewis was taken to Clark Memorial Hospital where imaging revealed that his jaw was fractured in two places. He was then transported by ambulance to University of Louisville Hospital, where he underwent surgery on May 15. One of the fractures required the installation of a plate and six screws. The other fracture required wiring Lewis's mouth shut for two weeks. For those two weeks, Lewis could not talk and was on a liquid diet. After those two weeks, the wires were removed and replaced with bands (which limited his jaw function) for six weeks. Lewis was on a soft diet for those six weeks.

[5] The State charged Taylor with Level 3 felony aggravated battery and being a habitual offender. At the jury trial, which was about four months after the incident, Officer Lewis testified that he was experiencing numbness in his mouth, which caused him to drool, and that he had pain when he chewed. Officer Lewis's surgeon testified that there was still a chance that the numbness could go away but that it could be permanent, too. A jury found Taylor guilty of Level 3 felony aggravated battery. Taylor then admitted to being a habitual offender. The trial court sentenced Taylor to sixteen years for aggravated battery, enhanced by fourteen years for being a habitual offender, for a total of thirty years.

[6] Taylor now appeals.

# Discussion and Decision

[7] Taylor raises two issues on appeal. He contends that the evidence is insufficient to support his conviction and that his sentence violates the Proportionality Clause of the Indiana Constitution.

# I. Sufficiency of the Evidence

[8] Taylor first contends that the evidence is insufficient to support his conviction for Level 3 felony aggravated battery. When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* It is not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id.* (quotation omitted). "[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007) (quotation omitted).

[9] In order to convict Taylor as charged here, the State had to prove that he knowingly or intentionally inflicted injury on Officer Lewis that caused protracted loss or impairment of the function of a bodily member of Officer Lewis, "to wit: a fractured jaw which required his jaw to be wired shut."

Appellant's App. Vol. II p. 9; *see also* Ind. Code § 35-42-2-1.5. Taylor does not dispute that he knowingly or intentionally inflicted injury on Officer Lewis; rather, he argues that the State did not present sufficient evidence that Officer Lewis suffered a protracted impairment because he had limitations for only eight weeks. *See* Appellant's Br. p. 8 ("Here, the record reflects that Lewis merely showed a loss of jaw function for two (2) weeks and impaired function for six (6) more weeks thereafter.").

[10] This Court has held that "protracted" means "to draw out or lengthen in time" and "impairment" means the "fact or state of being damaged, weakened, or diminished." *Mann v. State*, 895 N.E.2d 119, 122 (Ind. Ct. App. 2008) (quotations omitted). Here, the evidence shows that Officer Lewis's jaw was fractured in two places. He was hospitalized and underwent surgery. For two weeks, his mouth was wired shut. Then, the wires were removed and replaced with bands for six weeks; the bands restricted his jaw function. At the time of trial, which was about four months after the incident, Officer Lewis had pain when he chewed and numbness in his mouth, which, according to his surgeon, may never go away. This evidence is sufficient to prove that Officer Lewis suffered a protracted impairment. *See Mann*, 895 N.E.2d at 122 (evidence that for approximately two months after the attack victim experienced "muffled hearing" was sufficient to prove protracted impairment); *see also Grundy v. State*, 38 N.E.3d 675, 682 (Ind. Ct. App. 2015) (evidence that for more than six months after the attack victim suffered headaches, numbness, and degraded vision was sufficient to prove protracted impairment), *trans. denied*.

# II. Proportionality Clause

[11] Taylor next contends that his sentence for Level 3 felony aggravated battery violates the Proportionality Clause of Article 1, Section 16 of the Indiana Constitution, which provides, "All penalties shall be proportioned to the nature of the offense." The nature and extent of penal sanctions is primarily a legislative consideration, and our review of these sanctions is highly restrained and very deferential. *Newkirk v. State,* 898 N.E.2d 473, 477 (Ind. Ct. App. 2008), *trans. denied.* We will not disturb the General Assembly's determination of the appropriate penalty absent a showing of clear constitutional infirmity. *Id.*

[12] Taylor specifically argues that because Level 3 felony aggravated battery and Level 5 felony battery resulting in serious bodily injury contain similar elements, he should have been punished for only the lesser felony. *See Poling v. State*, 853 N.E.2d 1270, 1276-77 (Ind. Ct. App. 2006) (proportionality clause violated when offenses with identical elements given different sentences), *reh'g denied.* A person who knowingly or intentionally inflicts injury on a person that causes protracted loss or impairment of the function of a bodily member or organ commits Level 3 felony aggravated battery. I.C. § 35-42-2-1.5. In contrast, a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner and the offense results in serious bodily injury commits Level 5 felony battery. Ind. Code § 35-42-2-1(c)(1), (g)(1). "Serious bodily injury" includes "permanent or protracted loss or impairment of the function of a bodily member or organ." Ind. Code § 35-31.5-2-292.

[13]     This Court has already addressed this precise issue in *Mann*, where we held:

> [T]he mental states for these offenses do not have the same conduct as their aim—aggravated battery requires the defendant to knowingly or intentionally inflict injury on another, *see* Ind. Code § 35-42-2-1.5, while battery merely requires the defendant to knowingly or intentionally touch another in a rude, insolent, or angry manner, *see* Ind. Code § 35-42-2-1. Because the legislature could rationally conclude that defendants who intend to inflict injury on another are more blameworthy than defendants who intend to touch another rudely (and, more to the point, do not intend to inflict injury), it follows that a more severe punishment for defendants who commit . . . aggravated battery does not violate the Proportionality Clause.

895 N.E.2d at 124. Taylor recognizes our holding in *Mann* but does not argue that it was wrongly decided. Accordingly, we find no violation of Indiana's Proportionality Clause.

[14]     Affirmed.

Bailey, J., and Robb, J., concur.