## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 25 2017, 10:38 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Curtis Richards,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 25, 2017<br><br>Court of Appeals Case No.<br>49A05-1611-CR-2560<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Christina Klineman, Judge<br><br>The Honorable Travis Sandifur, Pro Tempore<br><br>Trial Court Cause No.<br>49G17-1512-F6-42945 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Curtis Richards was convicted of battery resulting in serious bodily injury, a Level 5 felony; strangulation, a Level 6 felony; and domestic battery in the presence of a child, a Level 6 felony. Richards now appeals, raising one issue for our review: whether there was sufficient evidence to support his conviction of battery resulting in serious bodily injury.[1] Concluding the evidence is sufficient to support his conviction, we affirm.

# Facts and Procedural History

[2] On the evening of December 2, 2015, Richards and Raimona Harris began arguing in Harris' home. Their argument escalated and an altercation ensued, resulting in Richards choking Harris. Harris attempted to stop Richards by hitting and pushing him. After a brief pause in their fight, the couple began arguing again and Richards pinned Harris down on the couch and placed his hands around her neck. One of Harris' children observed Richards "swinging at her" and Harris recalled "seeing this white light, like I had got hit." Transcript, Volume 2 at 103, 142. Following the fight, Harris' right eye was bleeding and her vision was blurry.

[3] As a result of the fight, Harris suffered a right orbital bone fracture and a laceration to her eyelid. The laceration required sutures and Harris underwent

---

[1] Richards does not dispute his convictions for strangulation and domestic battery.

surgery to repair her orbital bone. Due to the fracture and surgery, Harris had various complications with her eye including swelling, bleeding, accumulation of pus, and infection, requiring multiple visits to the emergency room. Harris was prescribed pain medication and antibiotic ointment to alleviate the pain.

[4] The State charged Richards with battery resulting in serious bodily injury, a Level 5 felony; strangulation, a Level 6 felony; domestic battery in the presence of a child, a Level 6 felony; and battery, a Class A misdemeanor. Following a bench trial, the trial court found Richards guilty on all counts and entered judgment of conviction for battery resulting in serious bodily injury, strangulation, and domestic battery.[2] The trial court sentenced Richards to an aggregate three-year sentence; one and one-half years served in home detention with the remaining time suspended to probation. Richards now appeals.

# Discussion and Decision

## I. Standard of Review

[5] In reviewing challenges to the sufficiency of the evidence to support a conviction, this court will not reweigh evidence or assess the credibility of witnesses. *Holloway v. State*, 51 N.E.3d 376, 378 (Ind. Ct. App. 2016), *trans. denied*. We consider only the evidence most favorable to the judgment together

---

[2] The trial court merged Richards' conviction for battery as a Class A misdemeanor with his conviction for battery resulting in serious bodily injury.

with all reasonable inferences that can be drawn therefrom. *Id.* We will affirm a conviction if a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom. *Id.*

## II.  Serious Bodily Injury

[6] Richards' sole argument is there is insufficient evidence to support Richards' conviction for battery resulting in serious bodily injury. Specifically, Richards asserts the State failed to present evidence Harris suffered a serious bodily injury.[3]

[7] Indiana law defines "serious bodily injury" as a "bodily injury that creates a substantial risk of death or that causes . . . (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus." Ind. Code § 35-31.5-2-292. "Protracted" means to "draw out or lengthen in time" and "impairment" means "the fact or state of being damaged, weakened, or diminished." *Mann v. State*, 895 N.E.2d 119, 122 (Ind. Ct. App. 2008). There is no bright line rule in determining what is a "bodily injury"[4] and what is a "serious bodily injury," and our appellate courts give considerable deference

---

[3] A battery resulting in "serious bodily injury" elevates what would otherwise be a Class A misdemeanor to a Level 5 felony. Ind. Code § 35-42-2-1(f)(1) (2014).

[4] "Bodily injury" is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29.

to the trier-of-fact's determination that a bodily injury is a "serious bodily injury." *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004).

[8] Here, as a result of Richards' actions, Harris suffered a bloody eye and blurry vision. After being in the emergency room for several hours, Harris was diagnosed with a fractured orbital bone and a laceration to the eye requiring sutures to heal. Harris' fractured orbital bone required surgery to repair and that healing process was impaired by swelling, bleeding, and an accumulation of pus, requiring multiple visits to the emergency room over several months. Further, Harris was discharged from the emergency room with a prescription pain medication. We conclude sufficient evidence exists for a reasonable fact-finder to determine Harris suffered a serious bodily injury. *See Mendenhall v. State*, 963 N.E.2d 553, 569-70 (Ind. Ct. App. 2012) (holding evidence victim's right eye was swollen shut and he suffered from a displaced zygomatic arch fracture and a right orbital fracture was sufficient to show he suffered protracted loss or impairment of his right eye), *trans. denied*.

## Conclusion

[9] Richards' conviction for battery resulting in serious bodily injury is supported by sufficient evidence. Accordingly, we affirm.

[10] Affirmed.

Riley, J., and Pyle, J., concur.